[Civ. No. 66654. Second Dist., Div. Seven. Apr. 26, 1983.]

RONALD LAMONT, as Administrator, etc., Plaintiff and Appellant, v. ROBERT WOLFE et al., Defendants and Respondents.

Counsel

Ronald Lamont, in pro. per., for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter and Peter Abrahams for Defendants and Respondents.

Opinion

**JOHNSON, J.**—The issue in this appeal is whether an amended complaint for wrongful death filed by a husband after the statute of limitations had run relates back to a timely action by the husband for loss of consortium. We hold that the relation back doctrine applies under these circumstances.

### Facts and Proceedings Below

The action was originally filed on May 12, 1978, by the current plaintiff and appellant, Ronald Lamont, and his wife, Berniece Lamont. They alleged that Berniece Lamont was admitted to UCLA Hospital in May of 1977 for treatment of an illness, and that, as a proximate result of medical negligence by the defendants, she suffered personal injuries. The first cause of action sought recovery on behalf of Berniece Lamont for those alleged injuries and the second cause of action sought recovery on behalf of Ronald Lamont for loss of consortium.

Berniece Lamont died on October 9, 1979, allegedly as the result of defendants' medical malpractice. Although the motion to file an amended complaint was not made until November 19, 1980, we gather that defendants were notified of Mrs. Lamont's death on October 10, 1980, when the parties appeared in court on defendants' discovery motion. Ronald Lamont has proceeded in propria persona throughout this case. This probably explains the delay in amending the complaint. Mr. Lamont states that he did not realize an amendment adding a cause of action for wrongful death was necessary because Berniece Lamont's death resulted from the same negligent acts of defendants alleged in the original complaint. Apparently he first became aware of the need to amend the complaint when he discussed the case with an attorney around the time of the October 10, 1980, discovery motion.

The trial court granted Mr. Lamont's motion to file an amended complaint and that complaint was filed on February 13, 1981.

The amended complaint alleges three causes of action. The first cause of action seeks damages on behalf of Ronald Lamont for the wrongful death of Ber-

niece Lamont. It is alleged that Ronald Lamont is the decedent's sole surviving heir and that her death was proximately caused by the same medical negligence of defendants that was the subject of the original complaint. The second cause of action is a survival action brought by Ronald Lamont as administrator of the decedent's estate seeking recovery of the medical expenses and loss of earnings of Berniece Lamont prior to her death. The third cause of action repeats the allegations of medical negligence and seeks recovery of Berniece Lamont's medical and related expenses as well as general damages.

■ Defendants demurred to the wrongful death cause of action on the ground that it is barred by Code of Civil Procedure, section 340.5 because it was not filed within one year of Berniece Lamont's death.[1] The trial court sustained the demurrer to the wrongful death cause of action without leave to amend and Ronald Lamont appeals. We reverse.

### THE RELATION BACK DOCTRINE IS APPLICABLE TO THIS CASE

An action for death arising out of alleged medical negligence must be brought within one year of the date that the plaintiff discovers or should have discovered the injury. (Code Civ. Proc., § 340.5.) Here the injury, the death of Berniece Lamont, occurred on October 9, 1979. Ronald Lamont did not file his amended complaint for wrongful death until February 13, 1981. Thus the wrongful death action is barred by the statute of limitations unless it relates back to the filing date of Mr. Lamont's complaint for loss of consortium.[2]

The leading case on the "relation back" doctrine is *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817]. **(2)** There the court stated: "The modern rule with respect to actions involving parties designated by their true names in the original complaint is that, where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts. . . . This rule is the result of a development which, in furtherance of the policy that cases should be decided on their merits, gradually broadened the right of a party to amend a pleading without incurring the bar of the statute of limitations." (*Id.* at p. 600.) (Citations omitted.) The court emphasized that it is the sameness of the facts rather than the rights or obligations arising from those facts that is determinative. (*Id.* at p. 601.) The court cited with approval the federal rules for-

---

[1] Defendants also demurred to the third cause of action on the ground that general damages are not recoverable in a survivorship action. That demurrer was sustained with leave to amend and is not before us on this appeal.

[2] Mr. Lamont does not allege any delay in discovering his wife's death. Therefore, the one-year limitations period commenced to run on October 9, 1979. (*Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 659 [135 Cal.Rptr. 75, 557 P.2d 507].)

mula: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading, the amendment relates back to the date of the original pleading." (Fed. Rules Civ. Proc., rule 15(c), 28 U.S.C.;[3] *Austin, supra,* 56 Cal.2d at pp. 601-602, fn. 2.)

The original complaint in *Austin* was against a securities broker. It sought recovery of securities and money the broker had received on plaintiffs' behalf but had refused to deliver. (56 Cal.2d at p. 598.) The amended complaint alleged a new cause of action against a new defendant, Massachusetts Bonding, based on a surety bond executed by that company for the faithful performance of the broker's duties. (*Id.* at p. 599.) The court held that the amended complaint against Massachusetts Bonding was not barred by the statute of limitations. "[T]he original complaint and the amended complaint allege the same defalcations . . . and these defalcations constitute the grounds for the action on the bond added by the amended complaint." (*Id.* at p. 602.)[4]

In the instant case, Ronald Lamont originally sued for loss of consortium and subsequently amended the complaint to sue for wrongful death. Both complaints issue from the same negligent acts of defendants and the same injuries to Mr. Lamont.

The original complaint alleges that defendants were negligent in their examination, diagnosis and treatment of Berniece Lamont thereby depriving Ronald Lamont of his wife's consortium. The amended complaint alleges that this very same negligence by the same defendants resulted in the death of Berniece Lamont. In this respect the present case is analogous to *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825]. The original complaint in *Grudt* alleged that the plaintiff's husband was wrongfully killed by city police officers. The city's liability was predicated on respondeat superior. The amended complaint alleged a new theory: that the city was negligent in employing these particular police officers whom it knew to be dangerous. The gravamen of both actions was the conduct of the police officers in the same shooting incident, thus the amended complaint related back to the original. (2 Cal.3d at p. 584.) See also *Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212 [36 Cal.Rptr. 573] in which an amended complaint alleging fraud was held to relate back to the original complaint for medical malpractice.

---

[3]For a discussion of the federal movement away from examination of the cause of action to examination of the operative facts see Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments* (1972) 57 Minn.L.Rev. 83, 84-89. (Hereinafter cited as *Relation Back of Amendments.*)

[4]For a discussion of California's movement away from examination of the cause of action to examination of the operative facts see the discussion of *Austin* in Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth* (1977) 30 Stan.L.Rev. 51, 64-67.

"The defendant's act for which plaintiff seeks recovery is the same—the performance of the cerebral angiogram and spinal tap." (224 Cal.App.2d at p. 234.)

The injuries suffered by Ronald Lamont as husband suing for loss of consortium and as heir suing for wrongful death are personal to him and include the same elements of loss of love, companionship, affection, society, sexual relations, and solace. (*Krouse* v. *Graham* (1977) 19 Cal.3d 59, 70 [137 Cal.Rptr. 863, 562 P.2d 1022].)

The identity of the parties and the injuries distinguishes the case at bar from cases such as *Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237 [173 Cal.Rptr. 345] and *Shelton* v. *Superior Court* (1976) 56 Cal.App.3d 66 [128 Cal.Rptr. 454], cited by defendants. In those cases one plaintiff sought to relate back his own independent cause of action to a complaint filed by another plaintiff for the violation of a different right.[5] Here the plaintiff's wrongful death action like his claim for loss of consortium is personal to him. (*Larcher* v. *Wanless, supra,* 18 Cal.3d at pp. 656-657; *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 408 [115 Cal.Rptr. 765, 525 P.2d 669].) Both actions are entirely distinct from any cause of action Berniece Lamont could have maintained during her lifetime. (Cf. *Dominguez* v. *City of Alhambra, supra,* 118 Cal.App.3d at p. 243; *Shelton* v. *Superior Court, supra,* 56 Cal.App.3d at p. 81.)

Defendants contend that since Ronald Lamont as husband is a different party than Ronald Lamont as heir, relation back should be denied under the rationale of *Dominguez* and *Shelton, supra.* We see no sense in making the distinction urged by defendants. The fact that Mr. Lamont now sues in a different capacity does not prejudice the defendants nor does it alter the operative facts on which the original and amended complaints are based. (Cf. *Olsen* v. *Lockheed Aircraft Corp.* (1965) 237 Cal.App.2d 737, 741 [47 Cal.Rptr. 242].)

Application of the relation back doctrine in this case will not thwart the purpose of the statute of limitations. The primary purpose of the relatively short time limit on personal injury actions is to stimulate the plaintiff to activity while the defendant still has a fair opportunity to prepare an adequate defense (see *Pashley* v. *Pacific Elect. Ry. Co.* (1944) 25 Cal.2d 226, 229 [153 P.2d 325]); that is, before "evidence has been lost, memories have faded, and witnesses have disappeared." (*Telegraphers* v. *Ry. Express Agency* (1944) 321 U.S. 342, 349 [88 L.Ed. 788, 792, 64 S.Ct. 582].) It has also been suggested that reducing the time between injury and litigation facilitates evaluation of the extent of the injuries and reduces the risk of false claims. (*Developments in the*

---

[5]See also *Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526 [124 Cal.Rptr. 370]; *Phoenix of Hartford Ins. Companies* v. *Colony Kitchens* (1976) 57 Cal.App.3d 140 [128 Cal.Rptr. 893].

*Law—Statutes of Limitations* (1950) 63 Harv.L.Rev. 1177, 1193 [hereinafter cited as *Developments*].) Thus, the policy behind the statute of limitations is satisfied where the defendant is put on notice of the need to defend plaintiff's claim in time to prepare a fair defense on the merits. (See *N.Y. Cent. R.R.* v. *Kinney* (1922) 260 U.S. 340, 346 [67 L.Ed. 294, 296, 43 S.Ct. 122]; *Craig* v. *United States* (9th Cir. 1969) 413 F.2d 854, 857; *Relation Back of Amendments, supra,* pp. 116-117 and see *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121] and cases cited therein.)

In the instant case, defendants conceded in the trial court that the amended complaint is based on the same alleged acts of medical negligence as the original complaint and is directed against the same defendants. As Justice Holmes observed in *N.Y. Cent. R.R.* v. *Kinney, supra,* 260 U.S. at page 346 [67 L.Ed. at page 296]: "[W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist . . . ." While it is true that defending the wrongful death claim may require the defendants to gather additional evidence, this burden exists in every relation back case. (*Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d at p. 940.) The test is whether the two complaints relate to the same *general* set of facts. If they do, the relation back doctrine applies. (*Austin* v. *Massachusetts Bonding Co., supra,* 56 Cal.2d at p. 600.) As we explained above at pages 378-380, this test is met in the case at bar. There is little likelihood in this case that defendants will be prejudiced by the loss of evidence, fading memories or disappearance of witnesses. Unlike some personal injury actions which may involve numerous nonparty witnesses, in this case the chief witnesses for the defense are the defendants themselves, their agents and employees. The medical records of Berniece Lamont are in the custody of defendants. By the time they were notified of Berniece Lamont's death defendants should already have taken the necessary steps to gather and preserve evidence bearing on the Lamont's claims of medical malpractice and Ronald Lamont's damages for loss of consortium. This evidence forms the core of the defense to the wrongful death action and defines defendants' position on the amount of damages if liability is established.

Defendants also argue that it is illogical to apply the relation back doctrine in this case because it would result in Mr. Lamont's wrongful death action relating back to a date before it ever existed. This argument ignores the fact that in both claims Mr. Lamont is seeking recovery for essentially the same loss. As the court noted in *Krouse* v. *Graham, supra,* 19 Cal.3d 59, a wrongful death action brought by the decedent's husband, "[I]n California those elements of recovery sought by Benjamin Krouse herein clearly would be available to him as 'consortium' damages in the usual personal injury action for his wife's injuries." (19 Cal.3d at p. 70.) At common law Ronald Lamont's right to recover for the

loss of his wife's society would have ended upon her death. There was no right of action for the wrongful death of a human being. (*Van Beeck* v. *Sabine Towing Co.* (1937) 300 U.S. 342, 344-346 [81 L.Ed. 685, 686-688, 57 S.Ct. 452].) While Code of Civil Procedure section 377 creates a cause of action for wrongful death, under the circumstances of this case it is not a wholly different cause of action but more a continuation under a different name of the original cause of action for loss of consortium.

### APPEALABILITY

Ronald Lamont appeals from the order sustaining the demurrer to his cause of action for wrongful death. Such an order is not appealable. Defendants are aware of this defect but urge us to decide the case on the merits rather than dismiss the appeal. ■ Therefore, in the interests of justice and to prevent unnecessary delay we will deem the order sustaining the demurrer to incorporate a judgment of dismissal of Mr. Lamont's action for wrongful death and treat his notice of appeal as applying to the dismissal. (*California State Employees' Assn.* v. *State of California* (1973) 32 Cal.App.3d 103, 106, fn. 1 [108 Cal.Rptr. 60].) The order as modified is appealable because it is a final judgment with respect to Ronald Lamont in his capacity as heir of Berniece Lamont. (*Dominguez* v. *City of Alhambra, supra,* 118 Cal.App.3d at p. 242, fn. 1.)

The order sustaining the demurrer to the wrongful death cause of action is modified by adding thereto the following sentence: "Plaintiff's action for wrongful death is dismissed." The order as modified is reversed.

Schauer, P. J., and Thompson, J., concurred.