191 N.J. Super. 395 (1983)
467 A.2d 259
ROSEANN BARBARIA, AS ADMINISTRATRIX AD PROSEQUENDUM FOR THE HEIRS-AT-LAW OF LOUIS D. BARBARIA, DECEASED; AS ADMINISTRATRIX OF THE ESTATE OF LOUIS D. BARBARIA, DECEASED, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF SAYREVILLE AND STATE OF NEW JERSEY, DEPARTMENT OF TRANSPORTATION, DEFENDANTS-APPELLANTS, AND WILLIAM D. RENDER; HEMINGWAY TRANSPORTATION, INC.; JERSEY CENTRAL POWER AND LIGHT COMPANY; SAYREVILLE DRIVE-IN THEATRE AS AMBOYS CINEMAS; CBT LEASING CORPORATION; KENWORTH TRUCK COMPANY AND STRICK CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1983.
Decided October 3, 1983.
*397 Before Judges ARD, MORTON I. GREENBERG and TRAUTWEIN.
Irwin I. Kimmelman, Attorney General, attorney for appellant State of New Jersey (Deborah T. Poritz, Deputy Attorney General, of counsel; Benjamin Clarke and Marianne E. Manning, Deputy Attorneys General, on the brief).
Appellant, Township of Sayreville, joined in the brief of appellant State of New Jersey.
No brief was filed on behalf of respondent.
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
Defendants Township of Sayreville (hereinafter called "Sayreville") and State of New Jersey, Department of Transportation (hereinafter called "State") have separately appealed from an order of the trial court dated May 27, 1982 allowing plaintiff to file late claims under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., on behalf of "the infant members of the Estate of Louis D. Barbaria without prejudice" to Sayreville or the State. By our order of August 11, 1982 the appeals were consolidated.
*398 The factual and procedural background of this case germane to this appeal is as follows.[1] Decedent, Louis D. Barbaria, while operating a motorcycle on Route 35, a state highway, in Sayreville on October 1, 1980 was involved in a collision with another vehicle resulting in his death the same day. He was survived by his wife, four infant children and one adult child. In February 1982 plaintiff filed claims dated February 10, 1982 for damages as a result of the accident against Sayreville and the State. The New Jersey Tort Claims Act requires such filing as a condition of recovery from a public entity. N.J.S.A. 59:8-8. The forms submitted indicated defendants' liability was predicated on their failure to maintain a "roadway" light in operative condition, in failing to post restrictions on the use of the highway for trucks over four tons, in permitting illegal construction of a driveway and in allowing illegal storage of trucks on private property. On February 16, 1982, plaintiff in her capacity as administratrix ad prosequendum under the wrongful death act, N.J.S.A. 2A:31-1 et seq., and as administratrix of the decedent's estate under the survivorship act, N.J.S.A. 2A:15-3, filed a third amended complaint against Sayreville and the State for damages as a result of the accident.[2] There were other parties named as defendants in this complaint but they are not participating on this appeal. After filing this complaint, plaintiff served and filed a motion for leave to file late claims under the New Jersey Tort Claims Act. See N.J.S.A. 59:8-8; N.J.S.A. 59:8-9. Plaintiff attached to her motion affidavits attributing the late notice to neglect of a prior attorney who had represented her. On March 12, 1982, the trial judge signed an order allowing the late claims.
*399 Subsequently the Attorney General moved on behalf of the State for relief from the order of March 12, 1982. He further sought an order dismissing the action. An affidavit of a deputy attorney general indicated that she had not received plaintiff's papers seeking leave to file the late notice until March 9, 1982. When the matter came on before the trial court on the Attorney General's motion, the judge without objection treated the case as if plaintiff was the moving party seeking leave to file late claims. At the hearing plaintiff's attorney explained the substantive basis of her claims against Sayreville and the State.[3] Further he pointed out that the delay in giving notice was attributable to the prior counsel's neglect. The deputy attorney general and the attorney for Sayreville argued that under the New Jersey Tort Claims Act the outside limit for the claim to be filed was one year from the date of the accident and decedent's death. Inasmuch as the accident was on October 1, 1980 and decedent died that day they asserted the claim was late. While it was agreed that there may be an extension for filing of an infant's claim, defendants argued that here the infants' claims were derivative from their father's claim. Ultimately the trial judge ruled:
[T]he motion relative to filing the late notice of claim is denied because of a lack of jurisdiction of this court, it being beyond the one-year period, relative to the adults in the case.
Until I know more about the case, I am not satisfied that the infants' claims are purely derivative. I think they do have some direct interest, and insofar as they are concerned, the motion to file late notice of claim is granted.
On May 27, 1982 the judge signed an order granting plaintiff permission to file late claims with respect to the infant "members of the Estate of Louis Barbaria without prejudice." However the action against both Sayreville and the State was dismissed without prejudice, apparently since six months had not elapsed after the filing of the claims. See N.J.S.A. 59:8-8. Presumably the judge believed the case would be reinstituted against Sayreville and the State after six months. Plaintiff was *400 barred from pursuing any claim against Sayreville or the State "with respect to the adult members of the Estate of Louis D. Barbaria." The order did not distinguish between the wrongful death and survivorship actions. The trial judge's decision with respect to the infants was made without prejudice to Sayreville and the State because the judge was not satisfied that their claims were purely derivative to the claim decedent could have asserted had he survived. It is evident from the transcript that the judge thought information gained during discovery could help the court determine if the claims of the infants could be deemed timely. As already indicated, Sayreville and the State separately appealed from the order.
We are satisfied that the trial judge erred with respect to the subject matter of counts of the complaint against Sayreville and the State brought by plaintiff as administratrix of the decedent's estate. Under N.J.S.A. 59:8-8 a claim relating to a cause of action for death or for injury against a public entity must be presented not later than 90 days after accrual of the cause of action. Both Sayreville and the State are public entities. N.J.S.A. 59:1-3. Under N.J.S.A. 59:8-9 the time for filing the claim may be extended by order of a Superior Court judge to one year after the accrual of the claim. Except on behalf of infants[4] or incompetent persons, see N.J.S.A. 59:8-8, the one-year period is not subject to further extension. See Hill v. Middletown Bd. of Ed., 183 N.J. Super. 36, 39-40 (App. Div.), certif. den. 91 N.J. 233 (1982); Yancoskie v. Delaware River Port Authority, 155 N.J. Super. 1, 5 (App.Div. 1977), aff'd on other grounds 78 N.J. 321 (1978). Here there is no question but that plaintiff's motion to file late claims was made beyond one year after the accrual of any cause of action for injuries to decedent for losses which he suffered during his life.
We recognize that decedent was survived by four infant children and under N.J.S.A. 59:8-8 the ordinary time limitations *401 for a claim do not preclude an infant from bringing an action against a public entity after coming to his full age. Further we acknowledge that the trial judge permitted the late claims only with respect to the infants.
But these facts do not change the result we reach with respect to the claims asserted by plaintiff as administratrix of decedent's estate. Plaintiff in such capacity is authorized to bring the action by N.J.S.A. 2A:15-3. The damages recoverable are those that decedent would have had if he had survived. Ibid. The recovery, if any, in the survivorship action belongs to the decedent's estate. See Alfone v. Sarno, 87 N.J. 99, 107 (1981); Zygmaniak v. Kawasaki Motors Corp. U.S.A., 131 N.J. Super. 403, 408-409 (Law Div. 1974), leave to appeal granted 68 N.J. 176, appeal dismissed 68 N.J. 94 (1975). Thus the ultimate disposition of the recovery by an executor or administratrix depends upon whether the decedent's estate is solvent and what disposition the decedent made of his estate by his will, if any, or who are his intestate successors. Alfone v. Sarno, supra, 87 N.J. at 107. Therefore if there is a recovery by plaintiff in the survivorship action it will not be directly for the infants. Under the circumstances, we see no basis for any extension of the time limitations of N.J.S.A. 59:8-8 and 59:8-9 for the survivorship claims preserved to plaintiff as administratrix of decedent's estate pursuant to N.J.S.A. 2A:15-3.
We are satisfied, however, that the trial judge correctly allowed the late claim for the infants for the alleged wrongful death. A recovery for wrongful death is primarily for the pecuniary damages to decedent's next-of-kin. N.J.S.A. 2A:31-5; Alfone v. Sarno, supra, 87 N.J. at 107. Thus the loss plaintiff was permitted to pursue in the wrongful death action is that suffered by the infants personally. We see no reason not to allow her to seek recovery for such losses. Certainly if the infants had suffered direct physical injury they would not have been barred from asserting a claim by N.J.S.A. 59:8-8 during their minorities. The losses an infant suffers upon the death of *402 a parent may be no less deserving of compensation than the losses he suffers from his own injury.
We acknowledge that while N.J.S.A. 59:8-8 provides its notice requirements shall not prohibit an infant from commencing an action within the specified time limitations of the section upon coming to full age, N.J.S.A. 2A:31-2 requires that a wrongful death action be brought by an administrator ad prosequendum or an executor or administrator with the will annexed. Thus, insofar as we sustain the decision of the trial court, we do not rule directly in favor of the infants in the procedural sense that we allow them to bring an action. Rather, we permit plaintiff as administratrix ad prosequendum to file the claim.
We are not impressed with this distinction for several reasons. First, in each instance the substantive rights of infants are being protected. The fact the Legislature obviously contemplates that a death may give rise to a single wrongful death action rather than separate cases for each wronged next-of-kin of the decedent should not matter.[5] Plainly it is convenient that a single person bring the wrongful death action. But he is regarded as merely a trustee on behalf of the persons entitled to the recovery. Loughney v. Thomas, 117 N.J.L. 169, 173 (E. & A. 1936). Second, N.J.S.A. 59:8-8 clearly does extend the time for bringing a claim by a guardian ad litem for an infant and not just an infant himself. By its terms, the section simply provides that an infant is not precluded from commencing an action by the section. But the section extends the right of an infant to bring his claim throughout the period of his minority. See Vedutis v. Tesi, 135 N.J. Super. 337, 340-341 (Law Div. 1975), aff'd sub nom. Vedutis v. South Plainfield Bd. of Ed., 142 N.J. Super. 492 (App.Div. 1976). Since infants are represented in actions by guardians (see R. 4:26-2), N.J.S.A. 59:8-8 thus extends *403 the time for guardians acting on behalf of infants. We therefore see no reason why the section should not be construed to extend the time to an administratrix ad prosequendum acting on behalf of infants. Finally we observe that, in general, construction of statutes and court rules to extend time on behalf of infants, in reality, extends time for representatives acting on the infants' behalf. See, e.g., In re Karamus, 190 N.J. Super. 53 (App.Div. 1983); Wilkins v. Smith, 181 N.J. Super. 121 (App.Div. 1981).
The Attorney General points out that in Holzsager v. Warburton, 452 F. Supp. 1267 (D.N.J. 1978), the court would not apply the tolling provisions of N.J.S.A. 2A:14-21 on behalf of infants to extend the two-year period in the wrongful death act. See N.J.S.A. 2A:31-3. The court held that since a wrongful death action could be brought only by an executor or an administrator ad prosequendum the infancy of the beneficiaries is not a disability affecting the only persons who can advance the claim. Holzsager, supra, 452 F. Supp. at 1273. We are by no means certain that Holzsager v. Warburton correctly states the law of this state on this point. The later decided case of Alfone v. Sarno, supra, 87 N.J. at 99, plainly specified the independent as opposed to the derivative aspects of a wrongful death action. Under Holzsager v. Warburton, supra, an infant of tender years could be barred from bringing a wrongful death action on behalf of his parent even though he had no meaningful chance to protect his interests. But we need not and therefore do not pass on the point. The only issue before us is the timeliness of the claim under the New Jersey Tort Claims Act. N.J.S.A. 59:1-1 et seq. We certainly will not extend Holzsager v. Warburton to hold the claim untimely and thereby preclude consideration of the infants' claims on the merits.
Finally, we note that we do not overlook the fact our decision may, depending upon resolution of liability questions, ultimately cause complications in a damages trial in this case. It is possible that the measure of damages may differ as to different defendants. The third amended complaint was timely as to all nonpublic *404 defendants inasmuch as it was filed within two years of decedent's death. N.J.S.A. 2A:31-3. It is likely that since decedent was survived by a widow and one adult child the damages found in a trial on behalf of all his next-of-kin would exceed those found in a trial for only his four infant children. Thus the trial court may have to prepare appropriate interrogatories, see R. 4:39, to secure a proper verdict. We resist the temptation now to specify hypothetically how a verdict should be secured or how damages should be apportioned among the defendants should they be liable (if they are liable at all) for different amounts. We simply point out that at the time of trial the trial court may conclude that separate trials may be appropriate here on liability and damages. See R. 4:38-2(b).
The order of May 21, 1982, insofar as it allows late claims on behalf of the infant members of the Estate of Louis D. Barbaria, is reversed with respect to the claims in the survivorship action brought by plaintiff as administratrix of the estate of the decedent. It is affirmed to the extent that it allows late claims on behalf of the infants in the wrongful death action. The matter is remanded to the Superior Court, Law Division, Middlesex County, for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] As far as we are aware this case has not been tried. Thus the facts are taken from pleadings.
[2] The State's appendix does not include the prior complaints. It is not completely clear from the record whether Sayreville and the State were defendants in this action prior to the filing of the third amended complaint. We believe they were not.
[3] The theory is not significant for purposes of this opinion.
[4] Including parents seeking consequential damages.
[5] That a single wrongful death action was contemplated by the Legislature is apparent from the damages and apportionment provisions of the statute. See N.J.S.A. 2A:31-4; N.J.S.A. 2A:31-5.