**HOLLOWAY**

v.

**WHALEY.**

**Civ. A. No. 86–3710(REC).**

United States District Court
D. New Jersey.

June 17, 1987.

Wendel E. Daniels, Lakewood, N.J., for Clyde Holloway.

Richard Mirra, Bernard F. Boglioli, West Long Branch, N.J., for Borough of Freehold.

Thomas E. Hood, Hood & Abrams, P.A., Plainfield, N.J., for intervenor-applicant.

Michael D. Schottland, Chamlin, Schottland, Rosen, Cavanagh & Uliano, Freehold, N.J., for Michael Whaley.

## LETTER OPINION

FREDA L. WOLFSON, United States Magistrate.

Dear Counsel:

This civil rights action, arising from circumstances surrounding the death of James Irby, was instituted by the administratrix ad prosequendum, Clyde Holloway. Mattie D. Ford, guardian of the putative children of plaintiff's decedent has petitioned to intervene, pursuant to *Fed.R. Civ.P.* 24,[1] to represent the interests of those children. Defendants oppose the motion to intervene, while plaintiff supports the application. Oral argument was held on June 3, 1987, but was suspended to allow the parties to brief the question of whether the applicant has standing to intervene as a party to this lawsuit.

■ Ford concedes that she is not the proper party to bring an action under New Jersey law for wrongful death or survivorship claims.[2] However, she urges the Court to allow her intervention solely to raise an independent civil rights claim alleging an injury to a constitutionally protected liberty interest in familial association, wholly separate from the pendent state law claims of the plaintiff. The claim raised by the applicant intervenor appears not yet to be recognized by the Third Circuit and has never been squarely faced by the Supreme Court. *See Jones v. Hildebrandt*, 432 U.S. 183, 97 S.Ct. 2283, 53 L.Ed.2d 209 (1977) (dismissing *certiorari* as improvidently granted where the issue of petitioner's civil rights claims independent of statutory wrongful death was not properly before the Court).

There is divided authority in other circuits on this issue, with the bulk of the cases ruling on a parental claim of a constitutional familial right. *See Valdivieso Ortiz v. Burgos*, 807 F.2d 6, 7–9, and n. 3 (1st Cir.1986). Reported analogous case within this circuit have been summarized in *Gann v. Schramm*, 606 F.Supp. 1442, 1452–53

---

**1.** *Rule 24. Intervention*

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**2.** Both under the Wrongful Death Act, *N.J.S.A.* 2A:31–1, *et seq.,* and the Executors and Administrators Act (Survivorship), 2A:15–3, the party entitled to bring an action is expressly limited. In the case of an intestate (as here) the administrator ad prosequendum is the proper party to bring a wrongful death action, and the general administrator is the proper party to institute a survival action. *Kern v. Kogan,* 93 N.J. Super 459, 226 A.2d 186 (Law Div.1967). *See also, Barbaria v. Sayreville Township,* 191 N.J.Super. 395, 401, 402, 467 A.2d 259 (App.Div.1983).

(D.Del.1985), with factual differences accounting for differing results. Ford raises an alternative basis for standing, resting on the language of 42 U.S.C. § 1988, which would override a state law found to be deficient or inconsistent with the policy of the federal civil rights statutes.

I need not address petitioner's alternative theory because, while not indicating whether Ford's claim [3] states a cause of action that will withstand a motion to dismiss, I am inclined to allow the applicant to intervene to raise a § 1983 claim independent of state causes of action. I exercise my discretion to grant permissive intervention under *Fed.R.Civ.P.* 24(b), on the following basis.

■ I find that the applicant does not qualify to intervene as of right, *Fed.R. Civ.P.* 24(a), for, although she claims an interest relating to the instant subject matter, which interest may be impaired or impeded by the outcome, she cannot make the required showing that her interests are not adequately represented by present counsel. To show inadequacy of representation an applicant must demonstrate either: 1) that its interests are sufficiently different so that the representative cannot give those interests proper attention, or 2) that there is collusion between the representative and the opposing party. *Hoots v. Commonwealth of Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir.1982). This has not been shown. Adequacy of representation always defeats intervention of right. See 7(c) Wright and Miller, Federal Practice and Procedure, § 1907 at 249.

■ On the other hand, Rule 24(b) affords the Court broad discretion to grant or deny intervention once the threshold of a common question of fact or law is met, as exists between the present action and Ford's claim. *Steinberg v. Shearson Hayden Stone, Inc.*, 598 F.Supp. 273, 282 (D.Del.1984); *Kneeland v. National Colle-*

*giate Athletic Association*, 806 F.2d 1285, 1289 (5th Cir.1987). Both actions do involve § 1983 claims relating to a deprivation of a familial right—in the case of Holloway, a parent's deprivation of her son and in the case of the proposed intervenor, children's deprivation of their father. As it does not appear that the proposed intervention will unduly delay proceedings, if at all, or prejudice the rights of the original parties, I will allow Mattie Ford to intervene on behalf of the infant children, to raise a claim of deprivation of constitutional rights, but not to join in the New Jersey law claims raised by the plaintiff administrator and administratrix ad prosequendum.

### ORDER

This matter having been opened to the Court by Hood & Abrams, P.A., counsel for intervenor applicant Mattie D. Ford, seeking to intervene in this case pursuant to *Fed.R.Civ.P.* 24, and the Court having considered the arguments of counsel, and for good cause shown, as explained in the accompanying letter opinion,

IT IS on this 16th day of June, 1987,

ORDERED that the within motion be and the same is hereby granted, as limited: Mattie Ford may intervene as a party plaintiff only to raise an independent cause of action under 42 U.S.C. § 1983, but may not join with the original plaintiff in any claims deriving from state law, as described in my letter opinion; and it is further

ORDERED that said intervenor must serve and file her intervenor's complaint within ten days of receipt of this order.

---

**3.** A similar question confronts the plaintiff, Clyde Holloway, insofar as she brings this action in her own right, apart from her representation as administratrix ad prosequendum.