259 N.J. Super. 204 (1992)
611 A.2d 1154
JILL PHILLIPS COCKINOS, INDIVIDUALLY AND AS ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN A. PHILLIPS, DECEASED, PLAINTIFF,
v.
GAF CORPORATION, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division, Middlesex County.
Decided May 29, 1992.
*206 Philip A. Tortoreti (Garruto, Galex & Cantor attorneys) for plaintiff; Jane B. Cantor, on the brief.
Scott I. Fegley (Goldfein & Joseph, attorneys) for defendant, Asbestos Corporation, Ltd. Bell Asbestos Mines.
Frank H. Carpentier (Carton, Witt, Arvanitis & Bariscillo, attorneys) for defendant, Flintkote.
LERNER, J.S.C.
This matter comes before the court on a motion for summary judgment to dismiss plaintiff's claims for wrongful death. The claim was asserted in an amended complaint filed more than two years after decedent's death.
Plaintiff's decedent, John Phillips, (hereinafter Phillips), filed a complaint on 12/3/87. Phillips alleged that he had not yet *207 been diagnosed with asbestos disease; however, an examination had indicated lung changes consistent with asbestos exposure. Phillips was, therefore, filing to preserve his right. Phillips died of lung cancer on December 16, 1987.
In early 1991, plaintiff's present counsel was substituted for her prior attorney.
In February of 1991, plaintiff provided answers to interrogatories which included expert reports linking said decedent's death to his asbestos exposure. However, it was not until September 27, 1991, that plaintiff filed her motion to amend for wrongful death. The amended complaint was ultimately filed on December 26, 1991. Defendant asserts that plaintiff's claims for wrongful death should be dismissed for failure to comply with the statute of limitations. Two issues are raised which this court must resolve. The first is whether the statute of limitations is tolled for a wrongful death claim made by an infant plaintiff. The next issue is whether plaintiff's wrongful death complaint relates back to the filing of the original complaint.
The right to sue for wrongful death is purely statutory, since no such right existed at common law. Alfone v. Sarno 87 N.J. 99, 104, 432 A.2d 857 (1981). The Wrongful Death Act, N.J.S.A. 2A:31-1, et seq., creates a separate cause of action whereby the beneficiaries of the deceased may recover pecuniary losses which arose as a result of that individual's early demise. Id. at 107, 432 A.2d 857.
N.J.S.A. 2A:31-3, concerns the statute of limitations for such actions and provides:
Every action brought under this chapter shall be commenced within two years after the death of the decedent and not thereafter.
The aforementioned statute differs from N.J.S.A. 2A:14-2, in that the wrongful death statute focuses on the date of death as opposed to the accrual of the action, Presslaff v. Robins 168 N.J. Super. 543, 546, 403 A.2d 939 (App.Div. 1979). The two-year limitation is therefore a condition which must be *208 met before one secures the right to file such an action. Marshall v. Geo. M. Brewster & Son, Inc. 37 N.J. 176, 182, 180 A.2d 129 (1962).
Focusing on the case of Barbaria v. Sayreville 191 N.J. Super. 395, 467 A.2d 259 (App.Div. 1983), plaintiff argues that the statute is tolled as to the claims of Phillip's infant daughter. Barbaria, however, is distinguishable.
In Barbaria, plaintiff infants were permitted to file a late Notice of Claim for a cause of action based on the wrongful death of their father. Looking to the separate, distinct claim created by the Wrongful Death Act, the Barbaria court held:
A recovery for wrongful death is primarily for the pecuniary damages to decedent's next of kin. N.J.S.A. 2A:31-5; Alfone v. Sarno, supra 87 N.J. at 107 [432 A.2d 857]. Thus, the loss plaintiff was permitted to pursue in the wrongful death action is that suffered by the infants personally. We see no reason not to allow her to seek recovery for such losses. Certainly, the infants had suffered direct personal injury, they would not have been barred from asserting a claim by N.J.S.A. 59:8-8 during their minorities. The losses an infant suffers upon the death of a parent may be no less deserving of compensation than the losses he suffers from his own injury.
Id. at 401-402, 467 A.2d 259.
The Barbaria court, however, refused to allow plaintiff to file a late Notice of Claim for the survivorship action. Id. at 401, 467 A.2d 259.
The factor which distinguishes Barbaria from the case sub judice is that the Legislature provided a specific extension for filing on behalf of infants in the Tort Claims Act (see N.J.S.A. 59:8-8). No such extension exists in the Wrongful Death Act, therefore, the Legislature never intended to provide such an extension.
One of the most important purposes served by statutes of limitations, is to give parties some sense of security that they will not have to defend against a stale claim. Jones v. Jones, 242 N.J. Super. 195, 203, 576 A.2d 316 (App.Div. 1990). Courts have recognized the various problems associated with attempting to prosecute claims that are based on events which occurred many years prior to when suit is filed. Id. It would *209 be an unfair burden to force a party to defend a death claim some 18 to 20 years after the death occurred, (the worse case scenario). This is especially so since many facts can possibly change once a person has died. Therefore, the fact of infancy will not toll the statute of limitations for a wrongful death claim.
Plaintiff next argues that the wrongful death complaint should relate back to the date of the filing of the original action. For the reasons set forth herein, the court agrees.
R. 4:9-3 states in pertinent part:
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.
The rule distinguishes between germane claims and new claims. If the amendment asserts a germane claim, then it is entitled to relation back. If the amendment asserts a new claim, the issue as to whether the amendment relates back is left to the court's discretion. Wimmer v. Coombs, 198 N.J. Super. 184, 187, 486 A.2d 916 (App.Div. 1985).
As has been stated previously herein, one bringing a claim for wrongful death, asserts a new distinct claim. This fact, however, does not preclude the claim from relating back. The Supreme Court, in Harr v. Allstate, 54 N.J. 287, 255 A.2d 208 (1969) set forth guidelines under which an amendment should relate back.
The rule should be liberally construed. Its thrust is directed, not toward technical pleading niceties, but rather toward the underlying conduct, transaction, or occurrence giving rise to some right of action or defense. Where a period of limitation has expired, it is only a distinctly new or different claim that is barred. Where the amendment constitutes the same matter more fully or differently laid or the gist of the action, or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied.
Defendants argue that if the court were to permit the wrongful death claim to relate back, a legal fiction would be *210 created whereby the wrongful claim would be instituted before the claim ever existed. Defendants' argument, however, is without merit. The focus of the relation back doctrine is not on the time of the filing of the original complaint, but on the underlying events which gave rise to the original cause of action.
Such a position has been adopted by our sister states which have been faced with the same issue. (See Burcl v. N.C. Baptist Hospital, 306 N.C. 214, 293 S.E.2d 85, 27 ALR 4th 182 and Lamont v. Wolfe, 142 Cal. App.3d 375, 190 Cal. Rptr. 874 (1983).
In Lamont, an action for medical malpractice was filed on May 12, 1978. Plaintiff's decedent died on October 9, 1979. The amended complaint was not filed until February 13, 1981, long after the one year statute of limitations had expired.[1] Defendants were made aware of the death by October 1980. The Lamont court held that the amended complaint would relate back since the claim was based on the same alleged acts of negligence. Id. at 381, 190 Cal. Rptr. 874.
In the case at bar, plaintiff's decedent alleged injury as a result of exposure to asbestos products. At the time plaintiff filed her amended complaint, it was alleged that said death ensued as a result of exposure to asbestos.
Defendant was aware from the time the original complaint was filed that plaintiff asserted claims which arose from asbestos exposure. The event of Phillips' death has no effect on product identification issues. Furthermore, other than the few additional proofs related to cause of death, the medical issues remain essentially the same. Defendant has not demonstrated that it would suffer any prejudice if plaintiff's action were to continue. Therefore, plaintiff's wrongful death claims will relate back, and summary judgment is denied.
NOTES
[1] The California statute, like ours, provides an absolute bar to filing a wrongful death after one year from the date of death.