287 N.J. Super. 605 (1995)
671 A.2d 650
ALEXANDER J. MUSTILLI, PLAINTIFF,
v.
JOAN MUSTILLI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part Monmouth County.
Decided November 1, 1995.[1]
*606 Richard J. Reich for plaintiff.
John F. DeBartolo for defendant (Atkinson, DeBartolo & Kalapos, attorneys).
FISHER, J.S.C.
Plaintiff, Alexander J. Mustilli, moved for leave to amend his complaint to include a claim for damages based upon an alleged marital tort. This motion was filed on August 23, 1995 with a return date of September 29, 1995. Because the trial was set for September 21, 1995, the motion was scheduled to be heard on the trial date. A settlement conference was held at that time and the parties left the Courthouse having indicated to the court that the case was likely to settle. With that, the motion was placed in abeyance. A few days later plaintiff's counsel advised that the *607 matter had not settled. The motion was relisted for argument. The following constitutes the court's decision.
The complaint was filed on December 20, 1994. It alleged, as an act of extreme cruelty, that:
On or about 4 February 1993, defendant advised plaintiff that he had to take certain pills which he understood were to protect from a sexually transmitted disease. When plaintiff protested that it was not necessary since he had not had sexual relations with anyone other than defendant, defendant informed him that she had been diagnosed with vaginitis trichomonas which she insisted she had gotten from him, but which under the circumstances, caused plaintiff to question her faithfulness to their marriage.
Other acts of extreme cruelty were alleged, but the complaint did not contain a claim for compensatory or punitive damages. Now, more than two years after these alleged events, plaintiff seeks leave to file an amended complaint which repeats the cited allegations of the complaint but now seeks compensatory and punitive damages allegedly caused by the same events.
Defendant opposes this motion on a number of grounds. She primarily argues that this newly asserted claim is time-barred. In response, plaintiff argues that leave to file an amended pleading should be freely given in the interest of justice. That is generally true, see, R. 4:9-1; City Check Cashing v. Nat. St. Bk., 244 N.J. Super. 304, 308-309, 582 A.2d 809 (App.Div. 1990), but it is also true that courts are free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law. In other words, there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted. See, e.g., Massarsky v. General Motors Corp., 706 F.2d 111 (3d Cir.1983); Molnar v. Hedden, 260 N.J. Super. 133, 146, 615 A.2d 647 (App.Div. 1992), rev'd on other grounds 138 N.J. 96, 649 A.2d 71 (1994); City Check, supra, 244 N.J. Super. at 309, 582 A.2d 809; Maxim Sewerage v. Monmouth Ridings, 273 N.J. Super. 84, 90 (Law Div. 1993). In seeking to avoid the statute of limitations, plaintiff observes that the pending action was filed prior to the expiration of the two-year statute of limitations (which is applicable here, see, Tevis v. Tevis, 79 N.J. 422, 400 A.2d 1189 (1979)), to *608 which the amendment, plaintiff further says, "relates back," alluding to R. 4:9-3.
Preliminarily, it is important to observe that there is no claim of "psychological paralysis," i.e., the inability of the victim of the alleged tort to seek redress as discussed in State v. Kelly, 97 N.J. 178, 194-195, 478 A.2d 364 (1984) or, more recently, in Giovine v. Giovine, 284 N.J. Super. 3, 663 A.2d 109 (App.Div. 1995).[2] Despite the thrust of recent family law decisions which suggest that gender is not a relevant consideration, see, e.g., Lepis v. Lepis, 83 N.J. 139, 155, 416 A.2d 45 (1980); Innes v. Innes, 117 N.J. 496, 507-508, 569 A.2d 770 (1990); but see, Matter of Baby M., 109 N.J. 396, 537 A.2d 1227 (1988) (which suggests that the "tender years" doctrine is alive and well in New Jersey), it appears that the "psychological paralysis" argument referred to in Giovine is an argument that may only be made by a woman. While this may be incongruous in a society so earnestly seeking to free itself of gender bias, that the movant is a male is a basis for rejecting out-of-hand any such argument by him in this case. Giovine, supra. But, in any event, a complaint was filed and alleged the February 1993 circumstances as an act of extreme cruelty, all of which belies any conceivable contention that the alleged victim of this occurrence was psychologically unable to seek redress. Plaintiff filed his complaint and made his allegations, he simply elected not to ask for compensatory or punitive damages based on those allegations.
Having said all that, the court must return to the primary issue: should this proposed amendment "relate back" to the original filing date? If it does not "relate back," then the claim is barred by the statute of limitations and the amendment should be refused.
*609 The Court in Harr v. Allstate Insurance Co., 54 N.J. 287, 299-300, 255 A.2d 208 (1969) stated that R. 4:9-3 "should be liberally construed":
Its thrust is directed not toward technical pleading niceties, but rather to the underlying conduct, transaction or occurrence giving rise to some right of action or defense. When a period of limitation has expired, it is only a distinctly new or different claim or defense that is barred. Where the amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied ... It should make no difference whether the original pleading sounded in tort, contract or equity, or whether the proposed amendment related to the original or a different basis of action.
[emphasis added].
In order to determine whether a particular amendment will "relate back," the new claim should be contrasted with those which were previously pleaded. Context is all-important in this analysis.
Certainly, it is a different thing to say that an amendment will relate back when a plaintiff seeks to amend his or her negligence complaint to add a new theory or cause of action, based on essentially the same facts, sounding in, for example, products liability or contract or some equity theory. That is because the relief sought is essentially the same: damages. See, e.g., Cockinos v. GAF Corp., 259 N.J. Super. 204, 611 A.2d 1154 (Law Div. 1992). If the parties remain the same, or at least if there is a community of interest between the original and new parties, Wimmer v. Coombs, 198 N.J. Super. 184, 486 A.2d 916 (App.Div. 1985); Bussell v. DeWalt Products Corporation, 259 N.J. Super. 499, 510-511, 614 A.2d 622 (App.Div. 1992), and the relief sought is essentially the same, then the amendment should "relate back" to the original filing date.
Here, while plaintiff seeks to base his new claim on the identical facts contained in his original complaint and has directed that claim against the same party, he has gone from seeking a dissolution of the marriage to now, in addition, asserting an independent tort cause of action.
The Giovine court recognized the fundamental difference between an action for a dissolution of a marriage and a domestic tort *610 action in ascertaining when a right to trial by jury attaches. A tort action is obviously an action at law while an action seeking the dissolution of a marriage is an equity matter. This traditional distinction, however, becomes blurred when legal claims arise from a predominantly equitable dispute. When this occurs the court must determine whether these legal issues "are independent of the equitable action," 284 N.J. Super. at 24, 663 A.2d 109, quoting Boardwalk Properties, Inc. v. BPHC Acquisition, Inc., 253 N.J. Super. 515, 528, 602 A.2d 733 (App.Div. 1991). If they are independent, then a trial by jury may attach to the legal claim but, when the legal claim is "ancillary" or "incidental" to the equitable claim, it will be tried without a jury. The Giovine court recognized that despite an inherent relationship, a marital tort claim and a dissolution action are generally considered to be independent and the right to trial by jury will normally attach to the former. This court believes that this approach is equally apposite in determining whether a marital tort claim is "distinctly new or different" in determining whether it "relates back" to the filing of the dissolution action.
In this case, despite its repetition of the acts of extreme cruelty alleged in the complaint, the amendment's assertion of a tort claim for damages must be considered independent and distinct from the original claim for dissolution of the marriage based upon an act of extreme cruelty. Its assertion would doubtless require discovery into the cited allegations contained in the complaint never sought previously because neither party had demonstrated a desire to contest whether the marriage should be dissolved; in fact, defendant had also filed a counterclaim seeking dissolution of the marriage. The assertion of a claim for damages based on these old allegations may give rise to a need for discovery on those allegations for the first time,[3] doubtless requires the involvement *611 of medical or psychiatric experts and perhaps gives rise to a trial by jury[4].
Under the circumstances of this case, a claim for damages based upon a marital tort is distinctly new and different from an action seeking a dissolution of the marriage. This is not only because of the distinction between the legal and equitable nature of the claims, but also because of the things that the tort claim brings to the entire action which were not previously present. Essentially, a party to an action seeking a dissolution of a marriage has an expectation of repose with regard to any unpleaded marital tort claim two years after its occurrence. The allegation of an act of extreme cruelty (which later forms the basis for a marital tort claim) does not, under the circumstances of this case, suggest otherwise.[5] Thus, this proposed amendment does not "relate back" to the original filing date; for that reason, the assertion of this tort claim for the first time more than two years after it accrued on February 4, 1993 is barred by the statute of limitations.
The other grounds for a denial of the motion that were asserted,[6] in light of the foregoing, need not be reached.
*612 Plaintiff's motion for leave to file an amended complaint is denied.
NOTES
[1] This opinion supersedes the decision delivered from the Bench on October 13, 1995.
[2] It is interesting to note that plaintiff's motion was filed on August 23, 1995, 12 days after the Appellate Division's decision in Giovine.
[3] The Court Rules recognize this distinction as well. R. 5:5-1 permits the taking of depositions in family actions, as a general matter, "as to all matters except those relating to the elements that constitute grounds for divorce."
[4] Whether there could be a trial by jury on the tort claim, according to Giovine, requires an additional layer of litigation since it was determined therein that only torts of a "serious and significant" nature entitle the parties to a trial by jury in the matrimonial context. 284 N.J. Super. at 28, 663 A.2d 109.
[5] Of course, the expectation of repose based upon the current state of law in this area does not attach to situations in which the "battered woman's syndrome" is implicated. See, Giovine, supra, 284 N.J. Super. at 18, 663 A.2d 109. That, as noted above, is not a circumstance presented here.
[6] Defendant forcefully argued that the amended pleading fails to state a claim upon which relief may be granted, relying upon Ruprecht v. Ruprecht, 252 N.J. Super. 230, 599 A.2d 604 (Ch.Div. 1991). Also, the court did not reach the issue of whether leave to file the amendment should be denied because the motion was filed on the eve of trial. See, Tomaszewski v. McKeon Ford, Inc., 240 N.J. Super. 404, 411, 573 A.2d 501 (App.Div. 1990).