[Civ. No. 57973. Second Dist., Div. Five. Apr. 21, 1981.]

LOUISE DOMINGUEZ, as Administratrix, etc., Plaintiff and Appellant, v.
CITY OF ALHAMBRA et al., Defendants and Respondents.

[Civ. No. 59383. Second Dist., Div. Five. Apr. 21, 1981.]

LOUISE DOMINGUEZ, as Administratrix, etc., Plaintiff and Appellant, v.
IRVINE CONSTRUCTION COMPANY et al., Defendants and Respondents.

COUNSEL

Ned Good, Ian Herzog, Good & Novack and Barry B. Novack for Plaintiff and Appellant.

Breidenbach, Swainston, Yokaitis & Crispo, W. F. Rylaarsdam and Phillip J. Argento for Defendants and Respondents.

OPINION

ASHBY, J.—The decedent, Daniel Dominguez, Jr., was severely injured in a vehicle accident in Alhambra on November 24, 1977, and was hospitalized. He died on December 5, 1977. His widow, Louise Dominguez, individually and as guardian ad litem of their three minor children, filed a complaint for wrongful death (Code Civ. Proc., § 377) on June 30, 1978. In May 1979, 18 months after the accident, appellant Louise Dominguez, as administratrix of the estate of the decedent, attempted to amend the complaint to assert an additional cause of action pursuant to Probate Code section 573 for the damages suffered by decedent prior to his death (here, substantial medical expenses incurred).

The defendants alleged to be responsible for the accident included governmental entities and private parties. In separate rulings the trial court sustained defendants' (respondents) contentions that the proposed additional cause of action on behalf of the estate was barred by failure to comply with the governmental Tort Claims Act and by the statute of limitations. Appellant, in her capacity as administratrix of the estate, appeals.

### APPEALABILITY OF ORDERS

With respect to the governmental defendants, the defense was raised by way of opposition to appellant's motion for leave to file an amended complaint and the trial court's ruling took the form of denial of the motion to amend. Although ordinarily the denial of a motion for leave to file an amended complaint is not an appealable order, there is an exception here, where the order was, in effect, a final determination of appellant's rights in her capacity as administratrix of the estate. (See *Majors* v. *County of Merced* (1962) 207 Cal.App.2d 427, 432 [24 Cal. Rptr. 610].) In that capacity appellant was a separate party as to whom there was no issue left to be determined, and the order operated as a final judgment for purposes of appeal. (See *Justus* v. *Atchison* (1977)

19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122]; *Timberidge Enterprises, Inc.* v. *City of Santa Rosa* (1978) 86 Cal.App.3d 873, 878 [150 Cal.Rptr. 606]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 48, pp. 4062-4063.)

With respect to the private defendants, the court permitted the amended pleading to be filed but then sustained respondents' demurrer to it on the ground it showed on its face that the claim was barred by the statute of limitations. The notice of appeal recites that it is from the judgment entered following the sustaining of the demurrer without leave to amend. Actually, no judgment or order of dismissal has been entered against Louise Dominguez in her capacity as administratrix of the estate of decedent. The record on appeal and the superior court file, of which we take judicial notice, contain only an order sustaining respondents' demurrer, a nonappealable order. However, appellant did not attempt to amend, nor does it appear that any further amendments to the complaint could be made with respect to the statute of limitations problem raised by the private defendants. Indeed in the notice of appeal appellant assumed that the demurrer was sustained without leave to amend and that a judgment was entered. ■ The merits have been fully briefed by both sides. There is no prejudice to respondents in considering the merits now.[1] To dismiss the appeal "merely to have a judgment formally entered below with a new appeal would be a useless waste of judicial and litigant time." (*Powers* v. *Sissoev* (1974) 39 Cal.App.3d 865, 870 [114 Cal.Rptr. 868].) Accordingly, we order the trial court to enter, nunc pro tunc as of the date of the order sustaining the demurrer, an order of dismissal against Louise Dominguez, as administratrix of the estate, in favor of the demurring defendants (Code Civ. Proc., §§ 581, subd. 3, 581d), and we then treat the notice of appeal as from that judgment. (*Powers* v. *Sissoev, supra*; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 337, p. 4316.) Respondents' motion to dismiss the appeals is denied.

### CIVIL No. 59383 (Private Defendants)

■ Since the proposed amended complaint against the private defendants was not filed until 18 months after the accident, it was obviously barred by the one-year statute of limitations (Code Civ. Proc.,

---

[1]The wrongful death action is continuing in superior court. There is no violation of the "one final judgment" rule in considering this appeal now, because Louise Dominguez, as administratrix of the estate, is a different party than Louise Dominguez, individually as an heir. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 48, p. 4063.)

§ 340, subd. 3; see also § 353), unless the proposed amended complaint could be deemed to relate back to the filing of the original complaint for wrongful death. However, the authorities cited by appellant in support of the relation back theory are not in point. This is not an amendment which merely identifies a defendant previously named as a Doe defendant, or which makes a mere technical change in the capacity in which the plaintiff sues on the same cause of action, or which adds a new cause of action asserted by the same plaintiff on the same general set of facts.[2]

The survival, pursuant to Probate Code section 573, of the cause of action the decedent could have maintained during his lifetime, is wholly distinct from a cause of action by the decedent's heirs for wrongful death pursuant to Code of Civil Procedure section 377. (*Earley* v. *Pacific Electric Ry. Co.* (1917) 176 Cal. 79, 81-82 [167 P. 513]; *Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 656-657 [135 Cal.Rptr. 75, 557 P.2d 507]; *Marks* v. *Reissinger* (1917) 35 Cal.App. 44, 50-53 [169 P. 243]; *Lewis* v. *City and County of San Francisco* (1971) 21 Cal. App.3d 339, 341 [98 Cal.Rptr. 407].) The action under Probate Code section 573 is by the estate and is for the injuries suffered by the decedent prior to his death. The action under Code of Civil Procedure section 377 is by the heirs, not the estate, and is for the loss of support, comfort and society suffered independently by the heirs as a result of the death itself. Section 377 expressly excludes damages recoverable under Probate Code section 573.

In these circumstances the proposed action under Probate Code section 573 seeks to enforce an independent right of an independent entity, the estate of the decedent, and it cannot relate back, for purposes of satisfying the statute of limitations, to the action for wrongful death by the heirs. (See *Bartalo* v. *Superior Court* (1975) 51 Cal.App.3d 526, 533-534 [124 Cal.Rptr. 370].)

Civil No. 57973 (Governmental Defendants)

A prerequisite to a tort action for damages against a governmental entity is the prior filing of a claim. (Gov. Code, §§ 911.2, 945.4.)

---

[2]Appellant cites *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681]; *Marasco* v. *Wadsworth* (1978) 21 Cal.3d 82 [145 Cal.Rptr. 843, 578 P.2d 90]; *Olsen* v. *Lockheed Aircraft Corp.* (1965) 237 Cal. App.2d 737 [47 Cal.Rptr. 242]; and *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].

Louise Dominguez, individually and as guardian ad litem for the decedent's three minor children, timely filed a claim with the City of Alhambra. The governmental defendants contend that the claim was only for wrongful death on behalf of the heirs, and that it did not constitute a valid claim for the personal injury cause of action as it survives under Probate Code section 573. (See *Lewis* v. *City and County of San Francisco, supra*, 21 Cal.App.3d 339, 341.) Appellant contends that the claim was not limited to wrongful death and can be liberally construed to include the decedent's cause of action as continued under Probate Code section 573. The claim was submitted on a form provided by the City of Alhambra and was filled out in part as follows:

"[Q.] WHAT SUM do you claim on account of . . . PROPERTY DAMAGE [A.] $10,000 . . . . [¶] [Q.] Expenditures made on account of accident or injury: [A.] Unknown at this time with regard to treatment received at U.S.C. Medical Center and Torrance Memorial Hospital where he died on December 5, 1977."

However, we need not resolve this dispute over construing the language of the claim. ■ Even assuming that the claim was sufficient, appellant also had to file her complaint in court in a timely manner after rejection of her claim. Suits against a public entity are governed by the specific statute of limitations provided in the Government Code, rather than the statute of limitations which applies to private defendants. (Code Civ. Proc., § 342; Gov. Code, § 945.6.) Appellant was required to file her suit on behalf of the estate within six months of written notice of rejection of her claim. (Gov. Code, § 945.6, subd. (a); *Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 579 [121 Cal.Rptr. 842]; *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 229 [137 Cal.Rptr. 146]; *Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 811-812 [136 Cal.Rptr. 833].)

It is obvious that although the complaint for wrongful death was timely filed, the proposed amended complaint for the cause of action of the estate was not. The claim was filed with the City Clerk of Alhambra on March 6, 1978. Under Government Code section 912.4 the governmental entity had 45 days in which to act on the claim. The complaint for wrongful death was filed on June 30, 1978, well within the six-month limitation from the time the claim necessarily was rejected, but the proposed amended complaint on behalf of the estate was not filed until May 24, 1979.

■ Although the written notice of rejection in accordance with Government Code section 913, which commences the running of the six-month statute of limitations (Gov. Code, § 945.6, subd. (a)(1)), is not in the record on appeal, the record is nevertheless sufficient to sustain the judgment on statute of limitations grounds. This is because section 913 mandates that the notice be given, and it is presumed that an official duty has been performed. (Evid. Code, § 664; *Phillips* v. *Seely* (1974) 43 Cal.App.3d 104, 120 [117 Cal.Rptr. 863]; *Kachadoorian* v. *Calwa County Water Dist.* (1979) 96 Cal.App.3d 741, 745-746 [158 Cal.Rptr. 223].)[3]

Thus, even assuming, without deciding, that the claim form because of its particular language was sufficient to constitute a claim for the cause of action of the estate, the amended complaint on behalf of the estate was not filed within the applicable statute of limitations. For the reasons previously discussed with respect to the private defendants, the filing of the amended complaint could not relate back to the filing of the complaint for wrongful death, and the trial court properly sustained the statute of limitations defense.

In No. 57973 the order denying appellant's motion for leave to file a first amended complaint is affirmed. In No. 59383 the trial court is directed to enter, nunc pro tunc as of November 9, 1979, an order of dismissal against Louise Dominguez, as administratrix of the estate, in favor of the defendants whose demurrer was sustained. That judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1981.

---

[3]The record in fact corroborates the statutory presumption. The complaint for wrongful death was timely filed, leading to the inference that the claim was timely rejected and notice of rejection was properly given.