Filed 3/29/16  Boyd v. Superior Court CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| WARREN BOYD et al. | B267727 |
| Petitioners, | (Los Angeles County |
| v. | Super. Ct. No. EC057245 c/w EC059174) |
| SUPERIOR COURT OF THE COUNTY OF LOS ANGELES | |
| Respondent, | |
| GIANNA BRELIANT, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate, Laura A. Matz, Judge.  Petition denied.

Gravitas Law Group and David J. Scharf for Petitioners.

Arent Fox, Stephen G. Larson, Steven E. Bledsoe and R.C. Harlan, and Larson O'Brien and Stephen G. Larson for Real Party in Interest.

_____

In this writ of mandate proceeding, petitioners Warren Boyd and his business entity Commerce Resources International, Inc. (jointly, Boyd), challenge the order denying their motion for judgment. (Code Civ. Proc., § 1908, subd. (b).)[1] The petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Boyd provides "intervention" services to persons addicted to drugs. In September 2010, his client, the late Amy Breliant, died of a heroin overdose at a house belonging to Boyd's alleged joint venture partner, Jacob Schmidt. Amy's mother, real party in interest Gianna Breliant (plaintiff),[2] filed the present action against Boyd, Schmidt, Carrie Fisher (another of Boyd's alleged joint venture partners), and others.[3]

Boyd's demurrer to the third amended complaint, the operative pleading, was sustained without leave to amend as to the wrongful death cause of action. That was the only cause of action brought by plaintiff in her individual capacity; all other causes of action were brought in her capacity as Amy's successor in interest. The trial court sustained Boyd's demurrer to all successor in interest claims except breach of contract and fraudulent misrepresentation.

Plaintiff appealed from the order sustaining the demurrer to her personal claim for wrongful death (No. B251349), and petitioned for a writ of mandate to overturn the sustaining of the demurrer as to the successor in interest claims for fraudulent concealment, constructive fraud, dependent adult abuse, and unfair business practices (No. B251212). We denied the B251212 petition in October 2013.

While the B251349 appeal was pending, Boyd moved to compel further discovery responses from plaintiff. His motion was granted, but plaintiff's responses were

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

[2] Because plaintiff and her daughter have the same surname, we refer to the daughter by her first name. No disrespect is intended.

[3] Neither Schmidt nor Fisher is a party to this proceeding.

2

incomplete. Boyd moved for terminating sanctions based on plaintiff's violations of discovery orders. The trial court (Judge Donna Fields Goldstein) granted Boyd's motion for terminating sanctions on October 30, 2013.[4] Later, plaintiff retained new counsel, R.C. Harlan, who provided additional discovery responses, moved for reconsideration of the order granting terminating sanctions, and sought relief under section 473. Although plaintiff's motions were denied, the trial court acknowledged that Harlan was attempting to comply with prior discovery orders and correct previous discovery disputes.[5] Based on the order granting terminating sanctions, the trial court entered judgment in favor of Boyd on February 18, 2014. Plaintiff appealed from that judgment (No. B255908).[6]

On February 19, 2014, plaintiff filed her opening brief in the B251349 appeal from the order sustaining the demurrer to the wrongful death cause of action. Two weeks later, Boyd filed a joint stipulation for a 30-day extension for filing his respondent's brief. Subsequently, he retained new counsel, and sought another extension of time to file his respondent's brief. After receiving an additional extension of 60 days, Boyd still did not

---

[4] According to the October 30, 2013 order, the trial court imposed "terminating sanctions on the Plaintiff, Gianna Breliant, by dismissing her claims against Defendant, Warren Boyd."

[5] The trial court acknowledged that Harlan had attempted to correct plaintiff's prior discovery violations, but concluded that relief from terminating sanctions was inappropriate for several reasons including the "egregious" nature of the discovery violations, the "blatantly false" excuses for not providing discovery, the longstanding nature of the dispute (the "discovery was requested a year ago"), the "large sum of money" expended by Boyd in seeking discovery, and the "waste" of judicial resources in addressing plaintiff's "bad faith discovery tactics" and "blatant disobedience" of court orders.

[6] The judgment for terminating sanctions stated: "Having granted the motion of Defendants Warren Boyd and Commerce Resources International ('Defendants') for terminating sanctions, and having denied Plaintiff's motion for reconsideration, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT . . . judgment shall be entered in favor of Warren Boyd and Commerce Resources International. As the prevailing parties, Defendants shall be entitled to recover their costs from Plaintiff Gianna Breliant."

file his respondent's brief by the June 20, 2014 date. We issued a notice to counsel with respect to the failure to file respondent's brief, but received no communication from Boyd until he moved to dismiss the B251349 appeal, on July 11, 2014.

In his motion to dismiss, Boyd argued the notice of appeal was invalid because it was taken from the order sustaining a demurrer without leave to amend. He reasoned that because an invalid notice of appeal does not divest a trial court of jurisdiction, the trial court retained jurisdiction over the wrongful death cause of action when it entered the order and judgment for terminating sanctions. Thus, he argued, the wrongful death cause of action was dismissed by the judgment for terminating sanctions.

Plaintiff defended the validity of her notice of appeal based on the exception applied in *Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 241–242 (*Dominguez*). In that case, the notice of appeal was taken from an order denying a motion for leave to amend the complaint. While that order ordinarily is not appealable, the court applied an exception and held it was "in effect, a final determination of appellant's rights in her capacity as administratrix of the estate. [Citation.] In that capacity appellant was a separate party as to whom there was no issue left to be determined, and the order operated as a final judgment for purposes of appeal. [Citations.]" (*Ibid.*)

Citing *Dominguez*, 118 Cal.App.3d 237, plaintiff argued that her notice of appeal also was valid, because the order sustaining the demurrer was in effect a final determination of her rights in a personal capacity. She contended that as to her sole personal claim for wrongful death, like the plaintiff in *Dominguez* she "was a separate party as to whom there was no issue left to be determined, and the order operated as a final judgment for purposes of appeal." (*Dominguez*, at pp. 241–242.)

Based on our determination that her notice of appeal was valid under the exception cited in *Dominguez*, we denied Boyd's motion to dismiss.[7] After oral argument, we

---

[7] Our August 15, 2014 order of denial stated: "The court has read and considered [Boyd's] motion to dismiss the appeal filed July 16, 2014, motion for sanctions filed July 16, 2014, [plaintiff's] opposition to motion to dismiss filed July 28, 2014, and reply

reversed the dismissal of the wrongful death cause of action against Boyd on December 22, 2014.  As to the jurisdictional issue, we cited *Dominguez*, *supra*, 118 Cal.App.3d at p. 241, and stated:  "The appealability of the portion of the order dismissing the wrongful death claim turns on whether such a claim is brought in a different capacity from claims brought as successor in interest.  We conclude the wrongful death claim was brought in a different capacity and find the appeal as to that portion of the order is properly before us."  (*Breliant v. Boyd* (December 22, 2014, B251349) [nonpub. opn.].)

We affirmed the judgment for terminating sanctions in the B255908 appeal on April 30, 2015.  As a result, the only cause of action remaining against Boyd is the reinstated claim for wrongful death.

Claiming their liability was solely derivative of Boyd's liability, Schmidt and Fisher moved for judgment on the pleadings.  They based their motion on a sentence in our opinion in the B255908 appeal which they argued was dispositive of Boyd's liability:  "Because our affirmance of the trial court's granting terminating sanctions disposes of the case against defendants [Boyd and Commerce], we do not address the merits of the trial court's sustaining of defendants' demurrer to plaintiff's third amended complaint."

The trial court (Judge Laura Matz) denied the motion for judgment on the pleadings, stating in its July 30, 2015 order:  "While Ms. Breliant's successor in interest claims against Boyd have been terminated [by the judgment for terminating sanctions], her wrongful death claim against [Boyd] in her individual capacity survives, as a matter of law.  The claim in her individual capacity was on appeal when the trial court terminated the successor in interest claims and under CCP section 916, the action was stayed upon the 'order appealed from or upon the matters embraced therein or affected thereby . . . .'  Clearly any order purporting to terminate the [wrongful death] claim [against Boyd] would affect the pending appeal from the prior disposition of the claim on

filed July 31, 2014.  [¶] [Boyd's] motion to dismiss is denied, and motion for sanctions is denied as moot.  [Boyd] shall have 20 days from the date of this order to file respondents' brief.  If the brief is not filed within the time allowed, the appeal will be submitted for decision upon the record and the appellant's opening brief, pursuant to rule 8.220(a)(2),(c),(d), California Rules of Court, without further notice."

demurrer. Since the claim against Boyd survives, the underlying premise of the motion fails."

In September 2015, Boyd filed his own motion for judgment based on the same sentence in our opinion in the B255908 appeal. The motion was brought under subdivision (b) of section 1908, which provides: "A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; if the other party has notice of his participation, the other party is equally bound."

The underlying premise of Boyd's motion was the existence of two actions: the prior action filed by plaintiff in her capacity as Amy's successor in interest, and the present action for wrongful death filed by plaintiff in her personal capacity. Boyd asserted that under section 1908, subdivision (b), plaintiff is bound in the present action for wrongful death by the common findings (order and judgment for terminating sanctions) made in the prior action.[8]

Plaintiff argued that section 1908, subdivision (b) was inapplicable to her wrongful death claim, which was not a separate proceeding or action. She stated, "[t]here is no separate proceeding against Boyd here. There is only one case that has gone back

---

[8] Boyd stated that "plaintiff Gianna Breliant's right to recovery in her individual capacity for wrongful death depends on the same facts, subject matter and transactions to establish the liability of defendant as plaintiff Gianna Breliant's right to recovery in her capacity as successor in interest to the former action for damages that alleged counts for breach of contract, fraud, dependent adult abuse and unfair business practices. The issues litigated in the former case, i.e., whether the alleged facts proved Amy's death was caused by a failure to provide intervention services as promised; whether the alleged facts proved fraud led to her death, whether the alleged facts proved abuse led to her death; whether unfair business practices led to her death were necessarily resolved against plaintiff Gianna Breliant as successor in interest when the judgment granting terminating sanctions was affirmed on appeal. [¶] It is beyond question that a dismissal for failure to obey a court's discovery orders granting terminating sanctions has the effect of a judgment on the merits against a plaintiff. [Citation.]"

and forth between this Court and the Court of Appeal. Judge Goldstein's dismissal of a sub-set of Ms. Breliant's claims does not terminate all the remaining claims in the same lawsuit."

The trial court (Judge Laura Matz) denied Boyd's motion for judgment under section 1908, subdivision (b). It held that the order for terminating sanctions applied only to the successor in interest claims and was inapplicable to the claim for wrongful death, which was pending on appeal when the motion for terminating sanctions was granted.

In the present petition for writ of mandate (B267727), Boyd challenges the denial of his motion for judgment under section 1908, subdivision (b). We issued an order to show cause and requested briefing from plaintiff and Boyd as to whether the trial court had jurisdiction to grant a terminating sanction as to the wrongful death claim while the B251349 appeal was pending, and, if not, what action should be taken at this point.

**DISCUSSION**

Plaintiff and Boyd cite different portions of our earlier rulings to support their respective positions. Plaintiff argues that our denial of Boyd's motion to dismiss the B251349 appeal conclusively resolved the jurisdictional dispute in her favor. Boyd contends our affirmance of the judgment for terminating sanctions conclusively resolved the wrongful death cause of action in his favor.

*A.     Law of the Case*

Both parties rely on the doctrine of law of the case, which applies to both civil and criminal cases. (*People v. Shuey* (1975) 13 Cal.3d 835, 841–842.) The doctrine, "as the name implies, is exclusively concerned with issues of law and not fact. [Citations.] Examples abound, and include the legal sufficiency of evidence [citations], the sufficiency of pleadings [citations], the nature and effect of a document [citation], and appellate jurisdiction itself [citations]." (*Id.* at p. 842.)

"The applicable rule is that where a decision has been rendered by an appellate court and the case is returned upon a reversal and a second appeal comes to the appellate court directly or intermediately, the reviewing court on the second appeal will not inquire

7

into the merits of the first decision. [Citations.] This rule is subject to the qualification that the point involved must have been necessary to the prior decision, that the matter must have been actually presented and determined by the court, and that the application of the doctrine will not result in an unjust decision. [Citations.]" (*Winzler & Kelly v. Superior Court* (1975) 48 Cal.App.3d 385, 389–390.) "[W]here an appellate court states in its opinion a principle of law necessary to the decision, that principle becomes law of the case and must be adhered to in all subsequent proceedings, including appeals. [Citations.]" (*Citizens for Open Access Etc. Tide, Inc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053, 1064.)

According to plaintiff, the judgment for terminating sanctions could not apply to the wrongful death cause of action, which was pending before this court in the B251349 appeal. We agree. After we denied Boyd's motion to dismiss that appeal, we reversed the dismissal of the wrongful death cause of action against Boyd. In doing so, we necessarily resolved the jurisdictional issue in favor of plaintiff under the *Dominguez* exception (118 Cal.App.3d at p. 241), thus establishing the validity of the notice of appeal as a matter of law. We agree with her contention that "[b]ecause the wrongful death claim had already been revived and remitted, this Court could not, and did not, dispose of the wrongful death claim in affirming the terminating sanctions order. [¶] Thus, the wrongful death claim Ms. Breliant brought in her personal capacity still survives: it was not terminated by Judge Goldstein's order [granting the motion for terminating sanctions] or by this Court [in affirming the terminating sanctions order]."

Boyd's reliance on our affirmance of the terminating sanctions order is misplaced. Significantly, no issues regarding the wrongful death cause of action were raised in the B255908 appeal, which, having been reinstated and remanded at the conclusion of the B251349 appeal, was not before us in the B255908 appeal.

Our rulings on this jurisdictional issue have remained the same: our jurisdiction over the wrongful death cause of action was established by the B251349 notice of appeal.

8

Because the notice of appeal was valid, the trial court did not have jurisdiction to dismiss the wrongful death cause of action during the B251349 appeal (§ 916).[9]

B.      *Section 1908*

Boyd contends the trial court erred in denying his motion for judgment under section 1908.  We find no error.

A judgment under subdivision (b) of section 1908 is based on principles of res judicata and collateral estoppel.[10]  Boyd's theory—that plaintiff is bound in the present action by findings made in the prior action—is mistaken because there is only one action.  The doctrine of collateral estoppel applies in successive actions between the same parties or their privies, but does not apply here, as there is only a single action.  (See *Beverly Hills Nat'l Bank v. Glynn* (1971) 16 Cal.App.3d 274, 283.)

C.      *Discovery Violations*

According to Boyd, "Nothing could be more obvious than the fact that if the wrongful death demurrer had been reversed before the terminating sanction in favor of Boyd it would have made no difference to the judgment for Boyd.  Breliant had the terminating sanction coming no matter what the claim or count or cause of action."  His contention, as we understand it, is that because the wrongful death cause of action was

_____

[9] Section 916 provides:  "(a) Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order.  [¶] (b) When there is a stay of proceedings other than the enforcement of the judgment, the trial court shall have jurisdiction of proceedings related to the enforcement of the judgment as well as any other matter embraced in the action and not affected by the judgment or order appealed from."

[10] "The applicable rule was stated as follows in *Berry v. City of Santa Barbara* (1967) 248 Cal.App.2d 438, 445:  'Collateral estoppel, or estoppel by judgment, is the secondary aspect of *res judicata*.  A final judgment in a prior action between the same parties, or their privies, prevents the relitigation in a subsequent action between them of issues of fact, actually and necessarily litigated and determined between them in the prior action, though the causes of action in the two actions differ.  [Citations.]'" (*Beverly Hills Nat'l Bank v. Glynn* (1971) 16 Cal.App.3d 274, 284.)

9

bound to be dismissed as a terminating sanction, he is entitled to have judgment entered now on that cause of action.

When presented with plaintiff's motions for reconsideration of the order granting terminating sanctions and relief under section 473, the trial court acknowledged the efforts made by her new counsel to cure prior discovery violations. Whether a terminating sanction or lesser sanction should now be issued is a matter for the trial court to decide, in the exercise of its discretion.

Finally, the contention that Boyd is entitled to relief under sections 2023.030 (authorizing discovery sanctions for failure to produce electronically stored information) and 128 (authorizing contempt proceedings to compel obedience of court orders) is a matter to be determined by the trial court upon a properly noticed motion. We therefore decline to reach the issue. (See *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.* (1999) 70 Cal.App.4th 55, 66–67 [as general rule, issues or theories not presented before trial court will not be considered on appeal].)

## DISPOSITION

The petition for writ of mandate is denied. Real party in interest shall recover her costs in this writ proceeding.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                    EPSTEIN, P.J.
We concur:



        WILLHITE, J.                    MANELLA, J.


10