Filed 4/9/26  Ghobrial v. Long Beach Memorial Medical Center CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GERGIS R. GHOBRIAL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LONG BEACH MEMORIAL MEDICAL CENTER, et al.,<br><br>Defendants and Respondents. | B340397<br><br>(Los Angeles County Super. Ct. No. 20STCV42444) |

APPEAL from an order of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge.  Affirmed.

Gergis R. Ghobrial, in pro. per., for Plaintiff and Appellant.

Gordon Rees Scully Mansukhani, Debra Ellwood Meppen, Raymond Gill, and Darryl C. Hottinger for Defendant and Respondent Lynnette A. Scherer.

Godes & Preis, Joseph M. Preis, and Oliver B. Dreger for Defendants and Respondents Ikenna Mmeje and Long Beach Memorial Medical Center.

———————————————

This appeal is one of several filed by Dr. Gergis Ghobrial against his former employer and related parties. The present appeal concerns Ghobrial's claims against two individuals, Dr. Lynette Scherer and Dr. Ikenna Mmeje. As to these individuals, Ghobrial contends the trial court erred by (1) denying his application to consider his motion for leave to file a fifth amended complaint concurrently with demurrers to the fourth amended complaint, (2) denying him an adequate opportunity to be heard at a June 24, 2024[1] hearing, (3) denying his motion for leave to file a fifth amended complaint to add causes of action against Mmeje, (4) denying his motion for leave to file a fifth amended complaint to add causes of action against Scherer, (5) denying his motion to compel Scherer to serve further responses to a request for production of documents, (6) denying his motion to compel Scherer to serve further responses to requests for admissions, (7) granting a motion for a protective order limiting the scope of Ghobrial's deposition of Mmeje, (8) sustaining Scherer's demurrer to the fourth amended complaint without leave to amend, and (9) sustaining Scherer's demurrer without leave to amend to a cause of action for retaliation alleged in the second amended complaint.

---

[1]    All further date references are to 2024 until otherwise indicated.

As we discuss, Ghobrial's notice of appeal identified just one order from which appeal was taken: a June 24 order[2] that denied Ghobrial's motion to file a fifth amended complaint and denied Ghobrial's motion to compel Scherer to serve further responses to a request for production of documents. Only the June 24 order is properly before us, and thus we will not address on the merits Ghobrial's challenges to prior orders. With regard to the June 24 order, we perceive no abuse of discretion, and thus we affirm in full.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Facts relevant to Scherer.

#### A. Complaints; demurrers; dismissal of Scherer from the action.

Ghobrial, a trauma surgeon, initiated this action in November 2020 against several medical groups and health care providers alleging discrimination based on age and national origin and retaliation for reporting safety concerns. In October 2021, Ghobrial filed a second amended complaint and, sometime thereafter, he substituted Scherer, the chief executive officer of

---

[2] Ghobrial's notice of appeal stated that appeal was taken from an order after judgment entered "June 28, 2024." No order was entered on June 28, but notice of entry of the June 24 order was served and filed on June 28. We therefore construe the notice of appeal to be from the June 24 order. (See Cal. Rules of Court, rule 8.100(a)(2) [notice of appeal "must be liberally construed"]; *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882 [same].)

defendants Surgical Affiliates Management Group, Inc. and Acute Care Surgery Medical Group, Inc., for a Doe defendant.[3]

Scherer demurred to the three causes of action alleged against her in the second amended complaint—(1) retaliation in violation of Health and Safety Code section 1278.5, (2) harassment based on national origin, and (3) intentional infliction of emotional distress. The trial court sustained Scherer's demurrer without leave to amend as to the retaliation claim, and with leave to amend as to the claims for harassment and intentional infliction of emotional distress.

Ghobrial filed a third amended complaint in June 2023, realleging causes of action against Scherer for harassment and intentional infliction of emotional distress. In October 2023, the trial court sustained Scherer's demurrer with leave to amend.

Ghobrial filed a fourth amended complaint in November 2023, realleging causes of action against Scherer for harassment and intentional infliction of emotional distress, and alleging a new claim for retaliation in violation of Labor Code section 1102.5. Scherer filed a demurrer in December 2023, which the trial court sustained without leave to amend on March 8. The court found that the complaint failed to allege harassment or outrageous conduct by Scherer, and failed to allege a causal relationship between Ghobrial's complaints of workplace wrongdoing and any action taken by Scherer individually. The court further noted that the fourth amended complaint was Ghobrial's "third attempt to plead claims against Scherer in her personal capacity, the third demurrer to such

---

[3]     Neither the initial complaint nor the Doe amendment appear in the appellate record.

4

attempts, and the second attempt to plead retaliation." The court thus concluded that no further amendments were warranted.

The trial court entered a dismissal order as to Scherer on March 28. The court served notice of the dismissal order the following day.

### B. Ghobrial's motions to file a fifth amended complaint and to compel further discovery responses.

#### 1. Motion to file a fifth amended complaint.

In January 2024—after Scherer filed a demurrer to the fourth amended complaint, but before the hearing on the demurrer—Ghobrial filed a motion for leave to file a fifth amended complaint. The proposed fifth amended complaint added new causes of action against Scherer and others for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud in the inducement, and it named Scherer in the fourth cause of action for wrongful termination.

On April 4, about a week after she was dismissed from the action, Scherer filed an opposition to the motion, urging that Ghobrial should not be allowed to "drag her back in as an individual defendant." Scherer also urged that Ghobrial's long delay in asserting the three new causes of action was unjustified and the proposed claims lacked merit.

#### 2. Motion to compel further discovery responses from Scherer.

On March 26, several weeks after the trial court sustained Scherer's demurrer without leave to amend, Ghobrial filed a motion to compel Scherer to serve further responses to his request for production of documents. Scherer opposed the

motion, noting that she had been dismissed from the action and thus the motion was moot. Scherer's counsel represented Ghobrial had refused his request to take the motion off calendar. Counsel therefore requested sanctions in the amount of $1,625, representing five hours of legal work at counsel's billing rate of $325 per hour.

### 3. June 24 order.

On June 24, the trial court entered an order (1) denying Ghobrial's motion for leave to file a fifth amended complaint, (2) denying Ghobrial's motion to compel further discovery responses from Scherer, and (3) granting Scherer's request for sanctions of $1,625. As to the proposed fifth amended complaint, the court found that leave to amend was not proper because none of the proposed causes of action had merit. Specifically, the court found Scherer could not be liable for wrongful termination because she was not alleged to be Ghobrial's employer; Ghobrial's contract claims against Scherer failed because Scherer signed the relevant contract in a representative capacity only; Ghobrial failed to allege any breach of the contract at issue; and Ghobrial failed to plead fraud with particularity.

As to the motion to compel further discovery responses, the court concluded that the motion was defective because Scherer had been dismissed from the case and thus was no longer subject to party discovery. The court explained: "On March 8, 2024, this court sustained Scherer's demurrer without leave to amend as to the second, third, and fifth causes of action, respectively for Labor Code § 1102.5 retaliation, FEHA harassment, and intentional infliction of emotional distress—i.e., the only claims alleged against Scherer personally. A judgment of dismissal was entered for Scherer on March 29, 2024. And because requests for

6

production as [Ghobrial] seeks to compel here are instruments of discovery against another party to the action . . . , no further responses may be compelled from Scherer, who has been dismissed therefrom."

Finally, as to Scherer's request for sanctions, the court noted that the Code of Civil Procedure[4] provides for the imposition of sanctions against a party who unsuccessfully makes or opposes a motion to compel discovery without substantial justification. The court found such substantial justification lacking, and it awarded Scherer sanctions of $1,625, representing five hours of attorney work at $325 per hour.

On August 19, 2024, Ghobrial filed a notice of appeal from the June 24, 2024 order.

## II. Facts relevant to Mmeje.

### A. Deposition subpoena; motion for protective order.

Mmeje was the chief operating officer (COO) of defendant Long Beach Memorial Medical Center (Long Beach Memorial). When Ghobrial filed a complaint with the Department of Fair Employment and Housing (DFEH) in October 2020, he identified Mmeje as a "hospital administrator[ ] or physician supervisor[ ]" who "aided, conspired or colluded in unlawful harassment, discrimination, and retaliation" against Ghobrial. However, Ghobrial did not name Mmeje as a defendant in the original or amended complaints.

---

[4] All subsequent undesignated statutory references are to the Code of Civil Procedure.

7

In September 2023, Ghobrial served Mmeje with a deposition subpoena. Long Beach Memorial and Mmeje filed a motion for a protective order seeking to limit the topics on which Ghobrial could examine Mmeje. The trial court granted the motion on December 7, 2023, ordering the parties to meet and confer to choose a mutually convenient date for Mmeje's deposition and identifying specific topics on which Mmeje could be deposed.

**B.      Doe amendment; Mmeje's motion to quash service of summons.**

While Mmeje's motion for a protective order was pending, Ghobrial filed and served an amendment to the fourth amended complaint substituting Mmeje for a Doe defendant. Mmeje filed a motion to quash service of the summons and to strike the Doe amendment, urging that the amendment was procedurally improper because Ghobrial had not obtained court permission to file it and, in any event, it was substantively defective because Mmeje had been known to Ghobrial since at least November 2020.

On January 4, while Mmeje's motion to quash was pending, Ghobrial filed a motion for leave to file a fifth amended complaint adding Mmeje as a defendant. Mmeje opposed the motion.

On March 8, the trial court granted Mmeje's motion to quash service of the summons and to strike the Doe amendment. The court explained: "From the first iteration of the complaint, Mmeje (the COO of Defendant Long Beach Memorial Medical Center) was listed as one of the final persons to whom Plaintiff made his complaints before his termination. Plaintiff accordingly suspected Mmeje's involvement from the outset of this case, going so far as to list him among the individual wrongdoers in his

8

DFEH complaint. Plaintiff offers no explanation for his inclusion in the DFEH charge, or the delay that followed, to the point of extending beyond all applicable limitations period. Mmeje's addition to this case therefore comes too late."

Subsequently, on June 24, the trial court denied Ghobrial's motion for leave to file a fifth amended complaint alleging claims against Mmeje. The court noted that Ghobrial had previously substituted Mmeje for a Doe defendant, and the court had granted Mmeje's motion to quash on March 8. Accordingly, "allowing [Mmeje's] reentry into this case upon theories already presented in [Ghobrial's] opposition to the motion to quash would be futile." On August 6, the trial court entered an order dismissing Mmeje without prejudice.

## DISCUSSION

### I. Ghobrial's appeal as to Scherer.

As noted above, Ghobrial asserts seven claims of error as to Scherer. Three of these claims concern the June 24 order from which Ghobrial appealed. The remaining claims concern *prior* orders—namely, an order sustaining Scherer's demurrer without leave to amend to a cause of action alleged in the second amended complaint (May 10, 2023); an order denying Ghobrial's motion to compel Scherer to serve further responses to requests for admissions (November 14, 2023); orders continuing the hearing on Ghobrial's motion for leave to file a fifth amended complaint and denying Ghobrial's request to hear that motion concurrently with demurrers to the fourth amended complaint (January 16 and February 9); and an order sustaining Scherer's demurrer without leave to amend to the fourth amended complaint (March 8).

9

Ghobrial's claims of error relating to the orders entered prior to June 24 are not properly before us. "The right to appeal in California is 'entirely statutory and subject to complete legislative control.'" (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 651 (*Meinhardt*).) Pursuant to statute, an appeal may be taken from a final "judgment" (§ 904.1, subd. (a)) or from a written dismissal order signed by the court and filed in the action (§ 581d). An appeal also may be taken from "an order made after a[n] [appealable] judgment." (§ 904.1, subd. (a)(2).) Most prejudgment orders are not separately appealable, but are reviewable as part of an appeal from a final judgment if they "involve[ ] the merits or necessarily affect[ ] the judgment or order appealed from or . . . substantially affect[ ] the rights of a party." (§ 906; see also *Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 825 [discovery orders]; *Hamilton v. Green* (2023) 98 Cal.App.5th 417, 422 [order sustaining demurrer]; *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695 [same].)

As to Scherer, the trial court's March 28 dismissal order—which was in writing, signed by the court, and entered in the action—constituted an appealable final judgment. (§§ 904.1, subd. (a)(1), 581d).) Therefore, as to Scherer, the June 24 order was "an order made after a[n] [appealable] judgment" (§ 904.1, subd. (a)(2)), and also was appealable.

The orders entered before March 28 that sustained demurrers to the second and fourth amended complaints, denied a request for further discovery responses, and denied Ghobrial's request to consolidate motions for hearing were *not* separately appealable, but could have been reviewed as part of an appeal from the March 28 dismissal order. However, Ghobrial did not

10

appeal from the March 28 order, and thus he forfeited the right to review of the prejudgment orders. (See *Meinhardt*, *supra*, 16 Cal.5th at p. 653 [if orders are not statutorily appealable, "an appeal must therefore be taken from a 'judgment' before the trial court's decision may be reviewed"]; *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8 [California "follows a 'one shot' rule under which, if an order is appealable, appeal must be taken or the right to appellate review is forfeited"].)

For the foregoing reasons, we lack jurisdiction to consider on the merits Ghobrial's challenges to the orders entered before March 28. We therefore will limit our review as to Scherer to the June 24 order, and specifically to Ghobrial's contentions that the trial court abused its discretion by (1) failing to provide a written tentative and giving him only five minutes to argue at the June 24 hearing, (2) denying his motion to file a fifth amended complaint, and (3) denying his motion to compel further responses to his request for production of documents and awarding Scherer sanctions.

### A.    The trial court did not violate Ghobrial's due process rights at the June 24 hearing.

Ghobrial asserts that the trial court violated his due process rights by failing to issue a written tentative decision and giving him only five minutes to argue at the June 24 hearing. The contentions lack merit.

"It is well established, in California and elsewhere, that a court has both the inherent authority and responsibility to fairly and efficiently administer all of the judicial proceedings that are pending before it, and that one important element of a court's inherent judicial authority in this regard is 'the power . . . to control the disposition of the causes on its docket with economy of

11

time and effort for itself, for counsel, and for litigants.' " (*People v. Engram* (2010) 50 Cal.4th 1131, 1146; see also *California Crane School, Inc. v. National Com. for Certification of Crane Operators* (2014) 226 Cal.App.4th 12, 22.) Pursuant to its inherent authority, trial courts "retain extensive discretion regarding how the hearing is to be conducted, including imposing time limits and adopting tentative ruling procedures . . . ." (*Mediterranean Construction Co. v. State Farm Fire & Casualty Co.* (1998) 66 Cal.App.4th 257, 265).) We review the trial court's exercise of its authority for an abuse of discretion. (*California Crane*, at p. 22.)

The California Rules of Court provide that judges are "not require[d] . . . to issue tentative rulings." (Cal. Rules of Court, rule 3.1308(e).) If a court elects to issue a tentative ruling, it may do so—as the trial court did in this case—by "announcing the tentative ruling at the time of oral argument." (*Id.*, rule 3.1308(b)(2).) The trial court thus did not abuse its discretion by giving an oral tentative, rather than a written one. (See *Karnazes v. Ares* (2016) 244 Cal.App.4th 344, 356 [no error in failing to provide appellant with a written tentative prior to a motion hearing].)

The trial court also did not abuse its discretion by limiting Ghobrial's time to argue at the June 24 hearing, but placing "[n]o similar limit" on defendants. In fact, the court gave Ghobrial five minutes to argue and told defendants' attorneys that it "[didn't] believe that the court needs to hear from you at this time." After Ghobrial presented his argument, the court allowed defendants' attorney a very brief response before ruling. Indeed, it is clear from the reporter's transcript that defendants' counsel spoke for less time than Ghobrial did. Although a court may not refuse

entirely to hear oral argument, it "has substantial discretion to impose reasonable limitations, including to limit the time and subject matter of the argument." (*Brannon v. Superior Court* (2004) 114 Cal.App.4th 1203, 1211.) We perceive no abuse of discretion in the trial court's imposition of time limits in this case.

**B.    The trial court did not err by denying Ghobrial's motion to file a fifth amended complaint adding new causes of action against Scherer.**

Ghobrial contends the trial court abused its discretion by denying his motion to file a fifth amended complaint adding new claims against Scherer. He urges that California has a liberal amendment policy to ensure that cases are decided on their merits, and his fifth amended complaint adequately alleged claims against Scherer for wrongful termination, breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. He further asserts that the amendment did not prejudice Scherer, and thus " 'the liberal rule of allowing amendments prevails.' "

Section 473 gives trial courts discretion to allow a party to amend his pleading " 'in furtherance of justice.' " (See *Garcia v. Roberts* (2009) 173 Cal.App.4th 900, 909.) " 'Leave to amend a complaint is thus entrusted to the sound discretion of the trial court. ". . . The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. *More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court.* Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported

13

by the record." ' " (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.)

"Generally, once judgment has been rendered, a plaintiff cannot amend a complaint unless the judgment is first vacated or a motion for a new trial is granted (*Young v. Berry Equipment Rentals, Inc.* (1976) 55 Cal.App.3d 35, 38; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1135, p. 550.)" (*M.B. v. City of San Diego* (1991) 233 Cal.App.3d 699, 707; see also *Young v. Berry Equipment Rentals, Inc.*, at p. 38 [amendments proffered after judgment is rendered "are allowed only if the judgment is vacated as by granting a motion for new trial"]; *La Forge v. Groendyke* (1952) 108 Cal.App.2d 522, 525 ["Ordinarily amendments after judgment are allowed only on an application for relief, and after the judgment has been vacated"].) Thus, unless a previously entered judgment has been set aside by the rendering court or on appeal, amendment of the underlying complaint "is unavailable." (*M.B. v. City of San Diego*, at p. 707.)

As noted above, the March 28 dismissal order constituted an appealable final judgment as to Scherer. (§§ 904.1, subd. (a)(1), 581d.) Accordingly, the complaint could have been amended to add new claims against Scherer only if Ghobrial had either appealed from the March 28 order and succeeded in having it reversed, or had successfully sought to have the March 28 order set aside in the trial court. Neither happened here. The order denying Ghobrial's motion to file a fifth amended complaint as to Scherer therefore manifestly was not an abuse of discretion.

Ghobrial asserts that the order denying him leave to amend violates California's policy "favoring liberal amendment of pleadings at any stage of litigation to ensure that cases are decided on their merits." But the policy of liberal amendment

14

does not control where, as here, it conflicts with competing concerns of repose. (See *Engel v. Pech* (2023) 95 Cal.App.5th 1227, 1238 [balancing "public policy favor[ing] liberal amendment of pleadings in order to effectuate the resolution of lawsuits on their merits" against competing policy "favor[ing] finality and repose once a limitations period for a particular potential liability has passed"]; *Cano v. Glover* (2006) 143 Cal.App.4th 326, 330 ["After four unsuccessful attempts to state a cause of action against him, defendant should have repose"].) The trial court did not err in so concluding.

### C. The trial court did not err by denying Ghobrial's motion to compel Scherer's further discovery responses and imposing sanctions.

Ghobrial contends that the trial court erred by denying his motion to compel Scherer's further responses to his request for production of documents and imposing monetary sanctions. The contention lacks merit.

" ' "[T]he standard of review for a discovery order is abuse of discretion, because management of discovery lies within the sound discretion of the trial court." ' (*Gonzales v. Superior Court* (2024) 108 Cal.App.5th.Supp. 36, 55.)" (*People v. Superior Court* (*Lalo*) (2025) 114 Cal.App.5th 707, 711.) Our review of discovery sanctions is also for an abuse of discretion. (*Atlas v. Davidyan* (2025) 113 Cal.App.5th 1086, 1095.)

Section 2031.010 permits a party to demand "that any *other party* produce and permit the party making the demand, or someone acting on the demanding party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made." (Italics added.) Pursuant to the statute's plain language, therefore, a

15

section 2031.010 demand "may be made only between *parties* to the action." (Zerne et al., Cal. Practice Guide: Personal Injury (The Rutter Group 2025) ¶ 6:269.) Section 2031.010 may *not* be used to demand production of documents by *nonparties*, from whom documents may be obtained only by subpoena. (Zerne, *supra*, ¶ 6:270; see also § 2020.020, subd. (b).)

In the present case, Ghobrial filed the motion to compel Scherer to serve further responses to the request for production of documents on March 26, two and a half weeks after the trial court sustained Scherer's demurrer without leave to amend. By June 24, the date the trial court denied the motion to compel, the trial court had entered a final dismissal order as to Scherer. The trial court thus lacked discretion to grant the motion to compel because Scherer was no longer a party to the action, and thus she was not subject to party discovery.[5]

The trial court also did not abuse its discretion by awarding Scherer sanctions.[6] Section 2023.030, subdivision (a) provides for the award of sanctions against a party who has misused the

---

[5] Ghobrial suggests that Scherer took inconsistent positions by "claim[ing] immunity from the court's jurisdiction while asking that same court to exercise its jurisdiction to impose sanctions in her favor." But as Scherer correctly notes, she never claimed she was not subject to the court's jurisdiction—she urged only she was no longer subject to party discovery after she was dismissed from the action.

[6] Contrary to Ghobrial's contention, the trial court did not award sanctions "sua sponte." As noted above, Scherer requested sanctions in her opposition to Ghobrial's motion to compel. Ghobrial had an opportunity "to contest the amount [and] basis" of the sanctions award in his reply brief.

discovery process or has unsuccessfully asserted that another has engaged in the misuse of the discovery process.  If a monetary sanction is authorized under this section, the trial court "shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (*Ibid.*)  The sanctioned party bears the burden of establishing it acted with substantial justification, or that other circumstances make the sanctions unjust.  (*Rodriguez v. WNT, Inc.* (2025) 116 Cal.App.5th 791, 810; *Padron v. Watchtower Bible & Tract Society of New York, Inc*. (2017) 16 Cal.App.5th 1246, 1269.) " 'Substantial justification means clearly reasonable justification that is well grounded in both law and fact.' " (*Rodriguez*, at p. 810.)

In the trial court, Ghobrial contended that Scherer was still subject to party discovery because the trial court had not yet ruled on his motion for leave to file a fifth amended complaint. But as we have explained, once the trial court entered a judgment of dismissal in Scherer's favor, it lacked discretion to permit Ghobrial to file additional claims against Scherer. Scherer therefore was no longer a party to the action and was not subject to party discovery.  Ghobrial's contrary contention was not substantially justified, and thus the trial court did not abuse its discretion in awarding sanctions against him.

## II.    Ghobrial's appeal as to Mmeje.

Ghobrial's opening brief asserts two claims of error as to Mmeje—namely, that the trial court abused its discretion by (1) denying Ghobrial's motion to file a fifth amended complaint adding Mmeje as a defendant, and (2) granting Mmeje's motion for a protective order.  Mmeje urges that neither claim is

17

reviewable because the trial court has not yet entered a final judgment as to him. Specifically, Mmeje contends that the only order dismissing him from the litigation was without prejudice, and thus it was not a "final and complete disposition of the entire matter of controversy as to any potential, 'renewed,' " claims against Mmeje.

Although Mmeje is correct that the August 6 order dismissing him was without prejudice, he errs in suggesting that it therefore was not a final judgment. To the contrary, case law is clear that an order dismissing an action without prejudice—if unaccompanied by an agreement to toll the statute of limitations—*is* an appealable final judgment. (See, e.g., *Shehyn v. Ventura County Public Works Agency* (2025) 108 Cal.App.5th 1254, 1258 [" 'A voluntary dismissal, "unaccompanied by any agreement for future litigation, does create sufficient finality as to that cause of action so as to allow appeal from a judgment disposing of the other counts" ' "]; *Alaama v. Presbyterian Intercommunity Hospital, Inc.* (2019) 40 Cal.App.5th 55, 63 [same]; *Van Buskirk v. Van Buskirk* (2020) 53 Cal.App.5th 523, 530 [order granting a motion to quash and dismissing a case without prejudice is appealable].)

In any event, Ghobrial's right to appeal from the June 24 order did not depend on the subsequent entry of a dismissal order. An order denying leave to amend is immediately appealable if it eliminates all issues between a plaintiff and a defendant. (*Diliberti v. Stage Call Corp.* (1992) 4 Cal.App.4th 1468, 1470, fn. 1 [order denying motion to amend to substitute new plaintiff was appealable "because it effectively terminates the action as to the 'true' plaintiff"]; *Randle v. City and County of San Francisco* (1986) 186 Cal.App.3d 449, 454 [orders denying

18

leave to amend a complaint, "although ordinarily not appealable, are appealable where the orders 'have the effect of eliminating issues between a plaintiff and defendant so that nothing is left to be determined . . . .' "]; *Ingram v. Superior Court* (1979) 98 Cal.App.3d 483, 489 [order denying leave to amend is appealable if it "ha[s] the effect of eliminating issues between a plaintiff and defendant so that nothing is left to be determined"]; *Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 241 ["Although ordinarily the denial of a motion for leave to file an amended complaint is not an appealable order, there is an exception . . . where the order was, in effect, a final determination of" the rights between the parties].)  In the present case, the June 24 order denying Ghobrial's request to add Mmeje as a defendant was effectively a final determination as to Ghobrial's claims against Mmeje.  It thus was appealable.

We reach a different conclusion as to the December 7, 2023 protective order limiting the scope of Ghobrial's deposition of Mmeje.  There is no statutory provision permitting an appeal from a discovery order (*Tedesco v. White* (2023) 96 Cal.App.5th 1090, 1097; *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432), and while a court may review an interim discovery order on appeal from a judgment if the order "necessarily affects the judgment" (§ 906), there is no indication here that the protective order affected the final order denying Ghobrial's motion to add Mmeje as a defendant.  (See, e.g., *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1060 [declining to review on the merits a discovery order unrelated to the merits of a separate appealable order].)  We therefore will limit our review as to Mmeje to Ghobrial's claim that the trial court erred by denying his motion for leave to add Mmeje as a defendant.

19

Section 474 "allows a plaintiff who is ignorant of a defendant's identity to designate the defendant in a complaint by a fictitious name (typically, as a 'Doe'), and to amend the pleading to state the defendant's true name when the plaintiff subsequently discovers it." (*McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 371 (*McClatchy*); *Hahn v. New York Air Brake LLC* (2022) 77 Cal.App.5th 895, 897–898.) If the statute's requirements are met, the amendment relates back and the substituted defendant is considered to have been a party from the action's start. (*McClatchy*, at p. 371; *Hahn*, at pp. 897–898.)

Section 474 applies only when the plaintiff "is actually ignorant of the facts establishing a cause of action against the party to be substituted for a Doe defendant. [Citations.] 'The question is whether [the plaintiff] knew or reasonably should have known that he had a cause of action against [the defendant].' " (*McClatchy*, *supra*, 247 Cal.App.4th at pp. 371– 372; see also *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 943 ["If the identity of the Doe defendant is known but, at the time of the filing of the complaint the plaintiff did not know facts that would cause a reasonable person to believe that liability is probable, the requirements of section 474 are met"].) We review the trial court's factual findings regarding the plaintiff's knowledge for substantial evidence. (*San Diego Navy Broadway Complex Coalition v. California Coastal Com*. (2019) 40 Cal.App.5th 563, 579; *Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1169.)

On appeal, Ghobrial asserts that the allegations concerning Mmeje in the proposed fifth amended complaint were "based on new information about Mmeje's involvement that emerged during

20

Dr. Glenn Koh's deposition on September 13, 2023." Ghobrial describes this information as "Mmeje's personal involvement in the discriminatory and retaliatory actions against [Ghobrial], including that Mmeje personally directed [Ghobrial's] removal from the call panel, in effect made the final termination decision, personally made negative comments about [Ghobrial], and directed the retaliatory actions." But Ghobrial does not explain why the information previously known to him and alleged in his October 2020 DFEH complaint did not give him reason to know that he had a cause of action against Mmeje.[7] He thus has failed to demonstrate that the trial court erred. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellate review limited to arguments supported by reasoned argument and citations to legal authority]].)

---

[7] Plaintiff's DFEH complaint alleged that Mmeje "aided, conspired or colluded in . . . unlawful harassment, discrimination and retaliation of Plaintiff," including by "sabotaging Plaintiff's medical practice by not allowing him to perform certain procedures while allowing other less qualified physicians to perform those same procedures; reprimanding Plaintiff based on false information, falsifying Plaintiff's medical notes, pressuring him to sign contracts against his will, asking Plaintiff impermissible non-job-related questions in [an] effort to embarrass or insult him, undermining Plaintiff's experience, double booking Plaintiff for multiple surgeries and operations so as to make it impossible for him to competently practice medicine, denying him promotions and training while offering it to other medical staff members, cutting Plaintiff's shift hours as a result of his complaint with the hospital medical practices and patient care, and more."

21

Ghobrial also asserts that the trial court abused its discretion by "rel[ying] on its March 8, 2024 ruling regarding the Fourth Amended Complaint without independently evaluating the merits of the [fifth amended complaint]." Not so. The trial court had already determined in connection with Mmeje's motion to quash that Mmeje could not be added as a Doe defendant. The trial court was not required to revisit that determination in connection with Ghobrial's subsequent attempt to add Mmeje as a defendant in the fifth amended complaint.

Finally, Ghobrial asserts the trial court abused its discretion by providing a detailed rationale for its order only after the hearing, thus denying Ghobrial an opportunity to address the court's concerns during oral argument. But Ghobrial cites no authority for the proposition that the trial court was required to give Ghobrial prior notice of the specifics of its order before issuing it, and we are not aware of any such authority. The contention, therefore, is forfeited. (*Benach v. County of Los Angeles*, *supra*, 149 Cal.App.4th at p. 852.)

## DISPOSITION

The June 24, 2024 order is affirmed.  Defendants are awarded their appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ADAMS, J.

HANASONO J.